Leonard L. Finz, J.
On this rather unique motion, plaintiff seeks the following multiple relief:
a. To stay all persons represented by plaintiff in the instant action from bringing any other action against defendant on causes of action similar to that stated in said action.
b. To direct defendant to send, to all persons making claim against it on such causes of action, a copy of the order to be entered hereon, directing the Clerk of the Civil Court of the City of New York not to file any summons and complaint in any other action stating such cause of action under a separate index number, but to file the same under the index number of the instant action and to send a copy of the order to be entered hereon to the filer thereof.
c. To direct the defendant to appear for examination before trial at the Civil Court on the ground that the number of claims and the identity of the issues require that an orderly procedure be established to determine defendant’s liability.
*507 eh To direct the filing of claims and to provide for the payment of disbursements and attorney’s fees.
Plaintiff in a rather novel and imaginative proceeding has purported to institute a class action on behalf of herself and many others who are alleged to be similarly situated. She has served a complaint asserting one cause of action against defendant, alleging negligence in the loss of certain property belonging to herself and to the members of the class whom she would purport to represent. The complaint alleges that, upon information and belief, the members of the class number 2,600 and the value of the property lost is $4,000,000, of which plaintiff’s own interest is $1,000.
The defendant opposes the motion of plaintiff and, additionally, has cross-moved to dismiss the complaint:
1. Pursuant to CPLR 3211 (subd. [a], par. 3) on the ground that plaintiff lacks legal capacity to bring a representative action on behalf of the other persons whose property may have been lost;
2. Pursuant to CPLR 3211 (subd. [a], par. 7) for failure to state a cause of action.
The cross motion also seeks dismissal of such portion of plaintiff’s complaint as attempts to constitute a class action, upon the grounds that the Civil Court does not have monetary jurisdiction of the subject matter thereof.
The facts, which might well serve as the theme of any motion picture or television script, are as follows:
On February 17, 1969, the Provident Loan Society of New York,* at its branch loaning office at 168-32 Hillside Avenue, Jamaica, New York, was invaded by robbers armed with and brandishing pistols. The robbers handcuffed the society’s employees under threats of harm and under cover of the pistols. They then proceeded to steal a quantity of collateral being held in the vault. After gathering their loot, they fled. Within minutes, one of the employees was able to break a link in her handcuffs, and pressed an alarm button. (The estimated value of the stolen collateral may be as high as $4,000,000, and the number of pledgors whose property was stolen may be close to 2,500.)
*508 Following the robbery of February 17, 1969, a number of the. pledgors instituted lawsuits for the loss of their property. A number of those lawsuits are pending in this court, several are pending in the Civil Court, New York County, and one, seeking recovery of $20,000, is pending in the Supreme Court, Nassau County.
In the instant action the plaintiff asserts one single cause of action on behalf of herself and as the representative of all other pledgors whose property may have been stolen from the defendant on February 17,1969. That cause of action alleges the value of the stolen collateral to be some $4,000,000, with the individual plaintiff’s interest therein being $1,000. The thrust of the complaint is to the effect that the plaintiff has appointed herself the representative of some 2,500 pledgors and that she in effect seeks recovery of some $4,000,000 on their behalf.
Plaintiff, in asserting that a properly maintainable class action has been brought, relies upon CPLR 1005 (subd. [a]), which provides:
“ Section 1005. Class actions, (a) When allowed. Where the question is one of a common or general interest of many persons or where the persons who might be made parties are very numerous and it may be impracticable to bring them all before the court, one or more may sue or defend for the benefit of all.”
I. OlVIXi COURT JURISDICTION
The first issue before the court is whether the Civil Court of the City of New York may entertain properly the proffered class or representative action.
Section 202 of the New York Civil Court Act establishes the monetary jurisdiction of the Civil Court in the sum of $10,000 or less. The instant complaint consisting of one cause of action is brought on behalf of the plaintiff and some 2,500 other persons similarly situated. While plaintiff demands $1,000 as her loss, she cites the affected class of 2,500 persons and the value of the stolen collateral as being approximately $4,000,000.
This is not an instance of a series of 2,500 claims being joined or consolidated. Such joinder or consolidation must assume the existence of 2,500 pending lawsuits; a situation which is the direct opposite of that in which a class action would be appropriate. By the terms of CPLR 1005 (subd. [a]), class actions are reserved for situations in which the persons to be represented are not before the court in separate actions. Thus, if we had 2,500 separate causes of action, each for less than $10,000, the Civil Court would have jurisdiction over each individual *509 action and would have jurisdiction of a consolidated action in which all of those 2,500 actions were joined. A class action by its very nature and its very definition is one came of action in which a representative of a class of claimants not otherwise before the court seeks relief on behalf of himself and the members of the class in an aggregate amount from a common fund.
In Hall v. Coburn Corp. of Amer. (Sup. Ct., N. Y. County, Index No. 6338 [1968], affd. without opn. 31 A D 2d 892 [1960]), the plaintiffs sought recovery for themselves and others similarly situated, of credit service charges paid by themselves and the members of the alleged class, all of whom were signatories to identical retail installment purchase contracts. The contention was that the contracts were in violation of law. In dismissing the complaint upon the grounds that the plaintiffs did not have a common bond and were not united in interest as required by CPLR 1005 (subd. [a]) and the cases interpreting that statute, the court granted leave to the individual plaintiffs who sought to represent the alleged class to serve amended complaints on their own behalf.
. The court directed further that since the amounts sought by the respective plaintiffs were less than $10,000, the action would have to be transferred to the Civil Court. In effect, the Hall case buttresses defendant’s argument that the nature of a class action seeking monetary relief in an aggregate amount exceeding $10,000 is a single cause of action. Under this posture, if the plaintiff’s assertion of a class action has a proper legal basis, this court is without the power to entertain said action, in that the aggregate amount exceeds the monetary jurisdiction of this court.
II. LEGAL SUFFICIENCY OF CLASS ACTION.
The defendant urges further that, in any event, the lack of jurisdiction of this court notwithstanding, the class or representative action advanced by the plaintiff is legally insufficient. To pass upon the validity of this argument, the historical development of CPLR 1005 (subd. [a]) is relevant, and bears review.
The old New York Code of Procedure as amended in 1849 (L. 1849, ch. 438) provided in section 119: ££ Of the parties to the action, those who are united in interest must be joined as plaintiffs or defendants: but, if the consent of any one who should have been joined as plaintiff, cannot be obtained, he may be made a defendant # <! * and when the question is one of a common or general Interest of many persons, or when the *510 parties are very numerous and it may be impracticable to bring them all before the court, one or more may sue or defend for the benefit of the whole. ’ ’
Section 119 of the 1849 Code was retained without substantial change in the Civil Practice Act as sections 194 and 195; and section 195, in turn, became substantially CPLR 1005 (subd. [a]). As stated in the landmark case of Brenner v. Title Guar. & Trust Co. (276 N. Y. 230 [1937]) as the language has remained substantially unchanged, so too its construction has remained unchanged. For a representative action to be maintained it is necessary that proper allegations in the complaint demonstrate that the plaintiff not only has a cause of action, but that he is representative of a common or general interest of others.
Perhaps one of the most cited authorities on the subject of class actions in New York is Society Milion Athena v. National Bank of Greece (281 N. Y. 282 [1939]). There, depositors had delivered moneys to the joint offices of two banks, one a foreign bank and the other a domestic bonding corporation. Certain of the depositors brought an action on behalf of the other depositors (some 5,000), alleging that the receipt of moneys by the foreign bank was in violation of the restrictions contained in its license and that the domestic bank was set up as a cloak to conceal the fact that the foreign bank was conducting banking business in violation of law. By the purported class suit, relief was sought for the repayment of money paid by the plaintiffs and by the others similarly situated. In holding that the claim was not maintainable as a class action, Judge Lehman, speaking for a unanimous court, stated (pp. 292-293): “By similar wrongful acts the defendants may have obtained moneys from others but each alleged wrong injures a different person. Each person wronged may determine for himself the remedy which he will seek for the wrong to him and when he asserts a remedy the wrongdoers might be able to assert against him a defense not available against others. Separate wrongs to separate persons, though committed by similar means and even pursuant to a single plan, do not alone create a common or general interest in those who are wronged. Though it is alleged that ‘ upwards of five thousand ’ persons were, like the plaintiffs, wronged by the defendant banks, such persons are not, merely because of that fact, united in interest with either plaintiff, and the plaintiff may not maintain a representative action, pursuant to section 195 of the Civil Practice Act, in their behalf. (Brenner v. Title Guarantee & Trust Co., 276 N. Y. 230.) ” (See, also, Onofrio v. Playboy Club of N. Y., 15 N Y 2d 740); cf. Medvec v. 333 East 69th St. Corp., 14 A D 2d 849.)
*511 III. REPRESENTATIVE STATUS OF PLAINTIFF.
A further issue of interest concerns itself with whether the plaintiff can presume to herself a representative status.
This aspect of the law of class actions was discussed by Mr. Justice Hammer in Southern Carpet Cleaners v. Firemen’s Ins. Co. (68 N. Y. S. 2d 218, 224, affd. 273 App. Div. 944, affd. 299 N. Y. 646): “ One essaying to act for all must show himself to be a fair representative of the class he presumes to involve in litigation by showing his interest, motive and financial concern are those at least of the majority of the class he presumes to represent. If his interest is slight and the interests of the others great, he may not maintain such representative action.”
IV. MULTIPLICITY OF LITIGATION AS A BASIS.
The question of whether the multiplicity of potential litigation is a sufficient basis for allowing a class suit, absent other considerations, is fairly established in our case law.
As stated in Cavanagh v. Hutcheson (140 Misc. 178, 183-184, affd. 236 App. Div. 794): “In the case at bar, although the plaintiff shows the possibility of multiplicity of suits and the involvement of a question of common or general interest, he has utterly failed to show a limited fund out of which the recovery is sought. * * * The damages alleged are tort damages; there is no common or general rule of damages that could be determined to suit the exigencies of the case. There is no common factor by which an assessment of damages could be given to a jury to consider. Instead of aiding this court in avoiding a-multiplicity of suits, it probably would increase such possibility.” (Emphasis supplied.) (See, also, 2 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 1005.14.)
This court refrains from any discussion addressed to the recent Court of Appeals decision in Schwartz v. Public Administrator of County of Bronx (24 N Y 2d 65). The thrust of the Schwartz case concerns itself with issues of collateral estoppel and res judicata as these doctrines relate to the identity of issues in prior actions. The question of collateral estoppel or of res judicata is not before this court, notwithstanding that either or both issues will have to be dealt with most seriously during the final disposition of the instant litigation or of other actions similarly situated.
Accordingly, and within the framework of this opinion, those remedies which plaintiff seeks concomitant to her claimed status *512 as the representative of a class, are respectfully denied. The motion to dismiss the complaint is similarly denied, except that the title of the action shall be amended to reflect the individual and not representative status of the plaintiff. Paragraph 3 and paragraph 4 of the complaint, addressed to ‘1 representative class ” relief, are hereby stricken.
That branch of the motion which seeks an examination before trial of the defendant is denied, without prejudice, and with leave to a renewal upon joinder of issue.

 The defendant, The Provident Loan Society of New York, is a nonprofit corporation organized under and operating by virtue of a special act of the Legislature, chapter 295 of the Laws of 1894. The society operates a number of branches throughout the City of New York, making personal loans to applicants upon the pledge of personal property as security therefor. The type of property pledged is generally jewelry, furs, old coins, etc. Such profits as may be made by the society are distributed to various charities within the New York City area.