Samuel A. Spiegel, J.
The petitioner, Luz Maria Diaz, a recipient of public assistance from the New York City Department of Social Services, received from that department a notice of proposed reduction upon a finding that a second check was issued improperly in lieu of a claimed lost or undelivered check. She requested a review. In the meantime, the proposed reduction has not been put into effect. The hearing is to be held at the City Department of Social Services.
By motion No. 62 of August 24, 1971, petitioner moves for judgment requiring respondents to implement section 205.10 of title 45 of the Code of Federal Regulations with respect to the HEW fair hearing regulation, which became effective April 14, 1971, and to enjoin respondents from suspending, reducing or terminating her benefits pending a full administrative fair hearing.
Respondent Sugarman cross-moves for judgment dismissing the petition as to him on the ground that it fails to state a cause of action. Respondent Wyman cross-moves for judgment to dismiss the petition for failure to exhaust administrative remedies. Inferentially this assumes the obligation to afford such remedy at the State level.
Motions have been made by petitioner Rivera (No. 59), by petitioner Kenton (No. 60), by petitioners Richardson and Horgan (No. 61), by petitioner Correa (No. 63) and petitioner 'Cruz (No. 117), all for an order granting leave to such petitioners to intervene as party petitioners and designating this as a class action. All motions are considered together.
Respondents contend that in these and other cases of proposed reduction, suspension or discontinuance, the actions arise under different programs and under varying conditions and circumstances. As to their substance, these cases do not tender common issues of fact. However, what is common to each application is the claim of a right to a fair hearing, which affords due process to the recipient requesting a review. What the applicants seek here is a judgment in an article 78 proceeding that the controlling law requires a State fair hearing with due process and that until a determination has been made following such a hearing no change is permissible in the recipient’s status.
It is uncontestable, without passing on the ultimate merits of petitioner’s or respondents’ contentions as to the right to welfare assistance, that the claimed right to due process before implementation is an essential common issue justifying intervention and class action (CPLR 7802, subd. [d]). ^ As to the petitioners Rivera and Horgan, there was a review with a *288 decision favorable to them. They were advised that public assistance, without any diminution would be continued as before. Accordingly, as to them the motions (Nos. 59 and 61) are academic.
It is not shown that any proposed action has been put into effect. It is not made to appear that any proposed action will be put into effect before a review and final determination by the Department of Social Services. It would appear, therefore, that there is in fact nothing before this court for judicial review. No final action has been taken on any requested review and there has been no change of position.
Exhaustion of administrative remedies thus is not a proper issue. Indeed, the matter of the nature of the State fair hearing to which petitioners claim to be entitled and their claim of right to deferment of any proposed action until after such fair hearing’ and final determination are the sole matters raised by the main petition. No objection is.raised that an article 78 proceeding is not the remedy to reach the judgment sought. Actually, petitioners seek a declaration of this court’s opinion as to their rights. Indeed, Bomar v. Wyman (N. Y. L. J., June 23, 1971, p. 21, col. 5), on which respondent Sugarman relies, was an action for declaratory judgment.
Respondent Sugarman concedes that subdivision 2 of section 353 of the New York State Social Services Law “ provides for a ‘ Statutory State Fair Hearing ’ ”. However, he urges petitioner has not yet been injured. Therefore, he argues, the real purpose of the petition is to urge the court to declare that .section 205.10 of title 45 of the Code of Federal Regulations, is binding upon the State and City of New York. Said Federal regulation precludes any change in the level of assistance pending determination of a statutory State fair hearing. Finally, respondent Sugarman argues that petitioner is not entitled to such a declaration since the State Department of Social Services has refused to promulgate a regulation which would bind the New York City Department of .Social Services to continue aid at the same level pending a fair hearing.
The notice issuing out of the City Department of Social Services provides for election to request a review by a review officer and states that “ at that review you, your attorney or other representative will have an opportunity to question any persons who appear at the review and present evidence against you, as well as an opportunity to present written and oral relevant evidence and arguments to demonstrate why your grant should not be suspended, discontinued or reduced ”. The *289 notice states, among other things, that “if, after this review, you are still dissatisfied with the decision given you, you may request a Fair Hearing, in writing or orally by communicating with the State Department of Social Services at 270 Broadway, New York, N. Y.” In Goldberg v. Kelly (397 U. S. 254, 260) it was also stated: “ The constitutional issue to be decided, therefore, is the narrow one whether the Due Process Clause requires that the recipient be afforded an evidentiary hearing before the termination of benefits.”
The nature of any requested review before a review officer of the City Department of Social Services is not before the court on this application, although it may be observed that such a local review is certainly expedient and may result in a disposition mutually satisfactory to the parties. Failing satisfactory disposition, the recipient may then request a statutory State fair hearing. The nature of that hearing and whether there must be a deferment of implementation of a suspension, reduction or termination of benefits are the questions before the court.
Respondent Sugarman is a proper party and the petition is sufficient to invoke judicial declaration on both issues. Respondent Wyman is a proper party on both issues. Indeed, he concedes that, if petitioner wants the State to decide the issue, she may apply for a State fair hearing after receiving an adverse decision from the city, thereby administrative remedies would be exhausted.
However, respondent Wyman urges that, unless and until HEW declares the State plan invalid, judicial determination of nonconformity would be premature. Moreover, until HEW determines the existing State regulations nonconforming, he has the right to follow his own regulations which are part of a valid State plan. The fact is that the respondent Wyman has declined to implement section 205.10 of title 45 of the Code of Federal Regulations, since it conflicts with the Social Security Act, which, he argues, is the only authority for the issuance of regulations by the Secretary of HEW. Finally, he contends that to require the continuation of assistance through the State fair hearing rather than through the local review hearing would render the State the sole administrator of welfare in New York. On the contrary, the city remains the administrator despite the requirement for a statutory State fair hearing, if requested. Indeed, the notice issued by the city department must be regarded as valid and complying with the State statute with respect to the provision of that notice granting to the recipient *290 a right of a fair hearing at the State level in the event of unfavorable local review.
Petitioner appears to contend that, following the proposal to reduce, suspend or terminate, only one hearing may be held which must be at the State level. However, petitioner argues also that a recipient cannot trigger any review involving State compliance with HEW regulations (see Rosado v. Wyman, 397 U. S. 397). As stated in Bomar v. Wyman (supra) “it is not within the power of this court to hold, contrary to the appropriate federal authority, that this State’s plan does not comply with the federal standards ’ ’.
Section 205.10 of title 45 of the Code of Federal Regulations provides that a recipient receive 15 days’ notice of any proposed reduction, suspension or discontinuance, with opportunity to request a full administrative State fair hearing. Indeed, respondent Wyman, relying on Goldberg v. Kelly (397 U. S. 254, supra) concedes that 18 NYCRR 351.26 makes provision for a fair hearing with adequate and timely notice, opportunity to be heard and to confront adverse witnesses, the right of representation, presentation of written and oral evidence and argument, and a decision based on rules of evidence which explains the reasons therefor (see Aid and Services to Needy Families with Children Act, TJ. S. Code, tit. 42, § 602, subd. [a], par. [4]).
Moreover, respondent Wyman contends that the State may operate any welfare program it may desire, provided there is no constitutional violation. However, the failure to provide a State fair hearing with all the required protections of due process was condemned in Goldberg v. Kelly (supra, pp. 255-256, 257). There the question arose on the application of “ residents of New York City receiving financial aid under the federally assisted program of Aid to Families with Dependent Children (AFDC) or under New York 'State’s general Home Relief program. * * * However, the State and city
adopted procedures for notice and hearing after the suits were brought, and the plaintiffs, appellees here, then challenged the constitutional adequacy of those procedures ”. What appears unclearly stated by the petitioner and respondents is whether the unsatisfied recipient will be provided a State hearing as required by Goldberg v. Kelly (supra), and also whether prior to a final determination the local welfare agency will take no steps to implement its proposed action.
As stated in Rosado v. Wyman (supra, p. 420): “ New York is, of course, in no way prohibited from using only state funds *291 according to whatever plan it chooses, providing it violates no provision of the Constitution ’ ’. Irrespective of the source of the funds, whether from the State alone or by contribution from the Federal Government, due process is still requisite, as well as the deferment of implementation until after final determination.
The court in the Goldberg case (supra, pp. 264, 268, 271) declared:
“ But we agree with the District Court that when welfare is discontinued, only a pre-termination evidentiary hearing provides the recipient with procedural due process. * * *
“ The city’s procedures presently do not permit recipients to appear personally with or without counsel before the official who finally determines continued eligibility. Thus a recipient is not permitted to present evidence to that official orally, or to confront or cross-examine adverse witnesses. These omissions are fatal to the constitutional adequacy of the procedures. * * *
“ The decision maker should state the reasons for his determination and indicate the evidence he relied on, cf. Wichita R. & Light Co. v. PUC, 260 U. S. 48, 57-59 (1922), though his statement need not amount to a full opinion or even formal findings of fact and conclusions of law.”
In fact, subdivision 2 of section 353 of the New York Social Services Law provides also for a post-termination fair hearing pursuant to section 602 (subd. [a], par. [4]) of title 42 of the United States Code.
It is clear from the foregoing that, after the issuance of a notice of proposed reduction, suspension or termination, and after unfavorable local review, the requested State review must afford an administrative fair hearing with due process, and that any proposed reduction, suspension or termination may be implemented only after, and by virtue of, the determination reached at the final conclusion of the State fair hearing. The State must provide a fair hearing in compliance with HEW requirements (U. S. Code, tit. 42, § 202, subd. [a]; § 602, subd. [a]; § 1202, subd. [a]; § 1302; § 1352, subd. [a]; § 1382, subd. [a]; Social Services Law, § 358, subd. 1).
Allusion is made by respondent Sugarman to the massive administrative problems and time limitations which such required procedure would entail. This is. no answer to the constitutional right to due process owed to the dissatisfied recipient. Nor is it so overwhelmingly compelling as to justify the slightest curtailment of a recipient’s constitutional rights.
*292 Moreover, .several contentions have been raised by all parties pertaining to matters collateral to the basic issue raised by the main petition." The power of the court has been invoked to adjudge whether, upon unfavorable local review, the recipient is entitled to a State fair hearing in compliance with constitutional safeguards of due process and whether implementation of any suspension, reduction or termination must await the result thereof. The answer in each instance is in the affirmative.
The nature of the fair hearing which the State must provide and to which petitioner is entitled is the one mandated by HEW and, pending an adjudication, there can be no suspension, reduction or termination of public assistance. Superseding HEW’s regulations are the constitutional safeguards to which all persons are entitled.
Without passing on the character of the present “ Fair Hearing ” directed by the State, the fact is that it must conform to all constitutional safeguards, irrespective of inconvenience or inexpediency. The guarantee of the protection of constitutional rights by the court is always merited, notwithstanding the extent of the travail to the respondent. Welfare assistance is a matter of right and not merely a privilege or charity. The Supreme 'Court has clearly decreed that “ Such benefits are a matter of statutory entitlement for persons qualified to receive them. Their termination or modification involves state action that adjudicates important basic rights. The constitutional challenge cannot be answered by an argument that public assistance benefits are ‘ a “ privilege ” and not a “ right” ’.” (Shapiro v. Thompson, 394 U. S. 618, 627, n. 6 [1969].) ‘ ‘ Relevant constitutional restraints apply as much to the withdrawal of public assistance benefits as to disqualification for unemployment compensation * * * or to denial of a tax exemption * * * or to discharge from public employment”. (Goldberg v. Kelly, supra, p. 262.) It is the means adopted to promote the general welfare. The temptation to seek a “ short-cut ” which would deny any facet of the constitutional protection must be forcefully and relentlessly resisted.
The main motion and the motions to intervene and to maintain a class action are granted as indicated except as to petitioners Rivera and Horgan whose petitions have been found to be academic. The cross motions are denied.