Anthony J. Cerbato, J.
Petitioner herein seeks an order of this court directing the respondent to pay to her three assistance checks allegedly due to her.
The basis of petitioner’s claim is that since she had been receiving benefits from the respondent, the said benefits cannot be discontinued, suspended or reduced except in conformity with the provisions of 18 NYCRR 351.26.
The purpose of this section is to insure welfare recipients being accorded due process of law and was enacted in conformity with the mandate of the United States Supreme Court in Goldberg v. Kelly (397 U. S. 254). The aforesaid section requires the Department of Social Services to notify a person, in writing, of its intention to discontinue, suspend or reduce a grant of public assistance. In addition, the department is required to inform the person that he has the right to request a hearing on the matter and that at the hearing he shall have the opportunity to offer evidence on his behalf. This section further provides: ‘ ‘ Assistance shall not be discontinued, suspended or reduced prior to the date such notice of decision is sent to the recipient * * * or prior to the proposed effective date of discontinuance, suspension or reduction, whichever occurs later.”
*387 The respondent herein contends that it has not discontinued, suspended or reduced the petitioner’s grant and is therefore not in violation of 18 NYCRR 351.26. Respondent argues that one of the checks (Nov., 1971) was sent to the petitioner but that the petitioner claimed said check was “ lost or stolen ”. Yet, the check in question was cashed and respondent alleges that the signature is “ strikingly similar ” to that of petitioner, that the check bore the motorist identification number of petitioner, and her telephone number (it being unlisted). As a result, the matter is being investigated by the department and pending such investigation, it has not reissued a check to petitioner.
In regard to the November, 1971 check this court finds the actions of the respondent completely reasonable and not in violation of any existing statute or mandate. Accordingly, the instant motion is denied with respect to the November, 1971 check.
Petitioner’s claim concerning the checks for February and March, 1972 does, however, appear to be valid and insofar as the motion seeks an order compelling the respondent to deliver checks to her for these months, the same is granted.
The respondent contends that the petitioner has violated certain rules and regulations concerning disclosure of a change in resources (18 NYCRR 351.1 [b] [2] ii and iii; see, also, Social Services Law, §§ 20 and 34)* As a result of the alleged violation, the department has withheld the checks from petitioner and maintains that petitioner’s grant in aid was never terminated, modified or suspended, nor was her ease closed.
This court is loath to get involved in semantics but there appears to be little difference in the case at bar, between the term “ withheld ” and the language used in the statute “ discontinued or suspended”. Clearly, if the department is withholding a grant in aid, it has discontinued or suspended aid to the person thereby affected. To hold otherwise would be untenable in view of the language and intent of 18 NYCRR 351.26 and would allow the respondent to circumvent and avoid the effect of the statute.
This court, in requiring the respondent to act in accordance with its own requirements is not unmindful of the recently promulaged HEW regulation governing fair hearings (Code *388 of Fed. Reg., tit. 45, § 205.10) which was held to be inconsistent with the State regulations (Almenares v. Wyman, 334 F. Supp. 512, mod. 453 F. 2d 1075).
In Almenares v. Wyman (supra) the District Court enjoined the respondent from terminating, suspending or reducing public assistance benefits in the Federally aided programs of aid to families with dependent children until an opportunity is afforded for a fair hearing comporting with the requirements of section 205.10 of title 45 of the Code of Federal Regulations. The United States Court of Appeals affirmed the order of the District Court but stayed its effectiveness for a 60-day period but subjected the defendants to an injunction in that the defendant was restrained from terminating, suspending or reducing public assistance unless an opportunity was afforded for a local social services hearing comporting with the requirements of 18 NYCRR 351.26 and Goldberg v. Kelly (397 U. S. 254).
At the end of the 60-day period, the respondent must follow the HEW regulation or amend its own regulation so as to conform to the Federal regulation.
Accordingly, this court directs the respondent to issue checks to the petitioner for the months of February and March, 1972 and (in addition, a check for the month of April, 1972 if the same was withheld) and further directs the respondent, as a condition precedent to withholding, terminating, suspending or reducing aid to petitioner, to afford petitioner a hearing in accordance-with 18 NYCRR 351.26. Should, however, the 60-day period as set forth in Almenares v. Wyman (supra) expire prior to the hearing, then the respondent is directed to afford petitioner a hearing in accordance with the HEW regulation (or an amended 18 NYCRR 351.26 insofar as same is not in conflict with the Federal regulation).

 Respondent contends that petitioner failed to advise the Department of Social Services of her receipt of the proceeds of a personal injury claim ($1,500) and that as a result, petitioner’s cheeks for the months of February and March, 1972 were withheld, she having been notified to appear at the department to advise the department of the amount (which she did) and to explain and document how the money was spent (which she did not do).