Bertram Harnett, J.
In early December, 1971, Janet Robertson was the grantee of public assistance for the benefit of her four children in the Aid to Families with Dependent Children (AFDC) category. All five lived in a home in Levittown, New *758 York, which was then owned by Mrs. Robertson and her former husband as tenants in common.
On December 21, 1971, Mr. Robertson sold his interest in the home to Mrs. Robertson’s parents for $9,700. Representatives of the Nassau County Department of Social Services, present at the sale, took $2,600 of the proceeds to satisfy a debt for prior public assistance issued to the family. Mrs. Robertson then, as part of the whole transaction, -conveyed her own one-half interest in the home to her parents for no proven consideration, and she continued to live in the home with the children.
On January 15,1972, the Nassau County Department of Social Services discontinued AFDC assistance arguing that Mrs. Robertson violated Social Services Law and regulations by transferring a valuable asset without consideration. That determination was affirmed by the New York State Department of Social Services in a decision after a hearing dated April 25, 1972.
A. NO TRANSFER TO APPELLATE DIVISION
In bringing this article 78 proceeding, Mrs. Robertson challenges these determinations only under subdivision 3 of CPLR 7803, on the grounds that they are arbitrary, capricious and erroneous as a matter of law. The State Commissioner’s verified answer, however, dwells on subdivision 4 of CPLR 7803, asserts that there was substantial evidence on the record to support his decision ,and requests transfer of the proceeding to the Appellate Division pursuant to subdivision (g) of CPLR 7804.
The grounds specified in subdivisions 3 and 4 of CPLR 7803 are separate and distinct bases for relief. Under subdivision 3 of CPLR 7803 the review grounds are error of law, arbitrariness or abuse of discretion. Under subdivision 4 of CPLR 7803, the review goes to whether factual determinations are supported by substantial evidence. Even where a determination of fact is based upon substantial evidence ’ ’ on the record, the administrative result can still be challenged as erroneous as a matter of law.
In any event, the petition here omits any reference to the grounds specified in subdivision 4 of CPLR 7803, and in so doing, waives those grounds insofar as this proceeding is concerned. The basis for transfer is found in the petition itself and the State’s reply may not alter or amplify the particular grounds raised in the application or introduce an affirmative claim not made by the petitioner. No “ substantial evidence ” issue being presented in the petition, there is no basis for transfer. (See Matter of Joyce v. Bruckman, 257 App. Div. 795, 796, mot. for *759 lv. to app. den. 259 App. Div. 791 and 261 App. Div. 883, app. dsmd. 284 N. Y. 736; Matter of Banks v. Wyman, 63 Misc 2d 946, 947, affd. 39 A D 2d 215.)
B. THE STATE’S ACTION IS UNLAWFUL
The issue remains whether Mrs. Robertson’s transfer of her one-half interest in the home to the parents is a valid basis for discontinuing the AFDC assistance to the family. The State Commissioner upheld the discontinuance on the grounds that Mrs. Robertson’s transfer violated section 360 of the Social Services Law and 18 NYCRR 352.23.
1. NEEDY DEPENDENT CHILDREN CANNOT BE CUT OFF BECAUSE OF parent’s MISCONDUCT
The State made no finding as to the validity under Federal law of the assistance cutoff, although it has an express statutory obligation to determine and establish the standards of need for determining eligibility of persons ‘ ‘ for public assistance pursuant to the provisions of [the Social Services Lay] and applicable Federal standards ”. (Social Services Law, § 131, subd. 3.) (Emphasis supplied.)
It is now well established that the AFDC program in New York, while administered by local social services officials under the supervision of the State agency, receives up to 75% Federal reimbursement and is controlled by Federal requirements under the Social Security Act (U. S. Code, tit. 42, § 601 et seq.; King v. Smith, 392 U. S. 309; Rosado v. Wyman, 397 U. S. 397; Lewis v. Martin, 397 U. S. 552; Young v. Shuart, 67 Misc 2d 689, 695, affd. 39 A D 2d 724). As the New York State Legislature stated in section 1 of chapter 517 of the Laws of 1970 : “ The legislature hereby declares its intent to make provision for the state to meet all necessary federal requirements under the social security act * * * It is the intent of the legislature that the department of social services shall determine and establish the standards of need for public assistance in this state in conformity with federal requirements and shall make provision for payments to and on behalf of eligible needy persons in accordance with schedules and other requirements established and determined by the legislature.”
Perhaps the foremost principle of the Federal AFDC program is that needy children must not be left without assistance to suffer the deprivation of basic essentials of life. Under Federal standards, eligibility of a family with dependent children for public assistance must be based upon only two criteria, need *760 and dependency. (U. S. Code, tit. 42, § 606, subd. [a] et seq.) Code of Fed. Reg., tit. 45, Part 233; King v. Smith, supra) Doe v. Swank, 332 F. Supp. 61, 63 [N. D. E. D., Ill., 1971], affd. sub nom. Weaver v. Doe, 404 U. S. 987; Doe v. Shapiro, 302 F. Supp. 761, 764 [D. Ct., Conn., 1969], app. dsmd. 396 U. S. 488; Holloway v. Parham, 340 F. Supp. 336, 342 [N. D., Ga., 1972].)
A corollary of that principle is that, irrespective of the agency’s disapproval of a parent’s actions, the needs of the children must be met. Assistance to the children, representing the “ bare essentials of life ”, Rothstein v. Wyman (303 F. Supp. 339, 351 [S. D. N. Y., 1969], revd. on other grounds 398 U. S. 275), may not be stopped because of claimed parental misconduct. The discontinuance of assistance to the children in response to a disapproved action taken by the custodial parent ignores the continuing need of the children which under well-established Federal standards must be the first and foremost goal of AFDC.
The very wording of the regulation 18 NYCRR 369.3 for determining grants and payment stresses the child primacy. Not only is the parent a grantee “ for the benefit of a child ”, but the parent herself is designated as a “ dependent ” relative.
The Appellate Division, Second Department, recently recognized this governing principle in an analogous case, Payne v. Sugarman (39 A D 2d 720, statutory stay vacated 30 N Y 2d 954). The Second Department unanimously disapproved discontinuance of AFDC assistance where the grounds were that the parent refused to execute a bond and mortgage on real property to secure the debt for assistance provided. It wrote: ‘ ‘ In our opinion, the intent of Congress, in its adoption of sections 601 et seq. of title 42 of the United States Code, which set forth the requirements of need and dependency for the Aid to Dependent Children grant which petitioner’s children were receiving, was to secure such grants for eligible children, notwithstanding a refusal of the parent to comply with a local agency’s demands under section 360 of the Social Services Law”.
A refusal to give a deed to social services officials, as in Payné, and a transfer of an interest in real property, as here, both rank as impermissible bars to eligibility. Neither requirement relates to need or dependency. Both are designed solely to facilitate the repayment of public assistance grants which, however laudable a goal, may not justify a result which violates the paramount goal of providing for needy dependent children. Conditioning AFDC assistance upon continued parental ownership of real property, or upon securing return of the property *761 transferred, is an invalid eligibility requirement under applicable Federal standards.
2. INAPPLICABILITY OP GOVERNMENTAL ARGUMENTS
The State’s reliance upon section 360 of the Social Services Law is misplaced.
That statute, entitled ‘ ‘ Real property of legally responsible relatives; deeds and mortgages may be required ’ ’ permits a family receiving assistance to own real property. Subdivision 1 provides that ownership of real property by a recipient of public assistance “ shall not preclude the granting of aid to dependent children ’ ’.
Subdivision 1 of section 360 also provides that a ‘ ‘ public welfare official may, however, require, as a condition to the granting of aid or the continuance thereof, that he be given a deed of or a mortgage on such property ”. (See Snell v. Wyman, 281 F. Supp. 853 [S. D. N. Y., 1968], affd. 393 U. S. 323.) However, no official request or requirement for a deed preceded the discontinuance of the aid here.
The State relies on 18 NYCRR 352.23 which provides in pertinent part: “Utilisation of resources — general policy, (a) Resources shall be so utilized as. to eliminate or reduce the need for public assistance, rehabilitate the client and conserve public funds through assignment and recovery. Applicants and recipients shall generally be required to utilize available resources and to apply for and otherwise pursue potentially available resources.”
In one sense, the “ resource ” here is still being “utilized” to meet the needs of Mrs. Robertson and her four children whose continued residence in the home may not be jeopardized by the transfer of title to the maternal grandparents. However, it appears to this court that Mrs. Robertson did technically violate 18 NYCRR 352.23 as to her own interest by placing the real property beyond the Social Services Department’s ultimate reach, assuming eventually that the local agency is to pursue enforcement or reimbursement.
But, having said all this, the court comes back to the fundamental point, made earlier, that the needy children cannot be cut off because of the mother’s conduct. Remedial action for claimed parental misconduct is an enforcement matter between the government and the parent and not the case at hand.
3. THE COUNTY’S PRIOR OPPORTUNITY
The County Social Services Department’s position here is unfortunately anomalous, and doubtless from good motives. The *762 county was aware of the whole home transaction. In fact, the county participated in the closing and recouped $2,600 from the father’s property transfer to the maternal grandparents of the dependent children. Yet, now it seeks to use this same transaction as a basis for discontinuing aid. The county elected not to take a deed on the property as section 360 of the Social Services Law clearly permits and may not now, as an alternative, discontinue aid to compensate for the lost asset.
4. CONCLUSION
Accordingly, the court holds that the discontinuance of Mrs. Robertson’s AFDC grant was in violation of Federal statutory authority (U. S. Code, tit. 42, § 601 et seq.; Social Services Law, § 131, subd. 3) and was therefore erroneous as a matter of law. Respondents’ determinations are annulled and petitioner’s assistance is reinstated retroactively to January 15, 1972.