John C. Marbach, J.
This article 78 proceeding is brought to annul a decision (the Decision) by respondent, Abe Lavine (Lavine) dated September 11, 1972, made after a fair hearing that affirmed the termination by the respondent Hayes E. Over-cash, of welfare assistance to petitioner and her minor, dependent child.
The proceeding, brought as a class action, seeks a judgment annulling, reversing and setting aside the Decision and ordering respondents to reinstate petitioner’s grant of benefits as of the date petitioner’s benefits were wrongfully terminated.
Petitioner, Corrine Norton, and her minor, dependent child Arthur, aged seven and one-half years, were recipients of public assistance under the Federally-funded Aid to Families with Dependent Children (AFDC) Program. They resided in a house owned by petitioner’s mother and paid her a monthly rental of $150 which was used to satisfy monthly mortgage payments due upon the property.
On January 5, 1971, petitioner’s mother died intestate, leaving petitioner as her sole heir. The estate has never been administratively settled and petitioner, although so advised, has never taken any action to do so. The Rockland County Department of Social Services (local agency) had granted petitioner and her son a monthly rental allowance of $150 prior to January, 1971; thereafter and until June, 1972, a monthly rental allowance of $183 was allowed.
In November of 1971, a settlement was reached in a negligence action in which petitioner was the plaintiff. From the proceeds of the settlement, the local agency received $1,727.43 which satisfied a lien it held on that cause of action. Petitioner states that the lien represented reimbursement of all public assistance previously furnished to petitioner. A balance remaining after payment of costs and attorney’s fees of approximately $1,800 was used by petitioner to purchase an automobile.
In May of 1972, petitioner was hospitalized after receiving her full grant; all of her needs for that month were met by the hospital.
*593 On May 5, 1972, the local agency sent petitioner a notice advising that her monthly AFDC categorical assistance grant would he reduced, effective June 1,1972, because of the agency’s determination that petitioner was not obligated to pay rent and, therefore, she was not entitled to receive a rental allowance. On May 12, 1972, the agency sent petitioner a “ Notice of Intent to Discontinue Public Assistance ” on account of (1) “ overpayment in May” and (2) ‘ ‘ Determination of Eligibility ”.
Prior to reaching the questions raised on the merits, two issues require resolution: whether, as respondents argue, the matter must be referred to the Appellate Division pursuant to subdivision (g) of CPLR 7804 on a question of substantial evidence, and whether the proceeding is maintainable as a class action.
REFERRAL TO APPELLATE DIVISION
Respondents’ position on referral presumes without demonstrating that a question of substantial evidence is raised. The mere fact that a statutory hearing was held does not automatically invoke subdivision (g) of CPLR 7804 when the determination is sought to be reversed, annulled and set aside. Petitioner does not contest the findings upon the points that respondents claim raise questions of substantial evidence. The petitioner raises only questions of law, assuming the findings made are adequately supported, and such questions are for this court to decide. (Matter of Robertson v. Lavine, 71 Misc 2d 757, 758; Matter of Komp v. State Tax Comm., 56 Misc 2d 824.)
CLASS ACTION ¡RELIEF
Petitioner brings this proceeding “ on behalf of her minor, dependent child and on behalf of all other persons similarly situated ’ ’, challenging respondents ’ application as to her and the classes she represents of section 351.22 of the Regulations of the Department of Social Services (Regulations), (18 NYORR 351.22) and subdivision (d) of section 352.31 of the Regulations (18 NYORR 352.31 [d]). Petitioner also seeks individual relief setting aside that portion of the Decision which reduced petitioner’s grant by eliminating her rent allowance.
The first hurdle is whether one proceeding may be maintained on behalf of two separate subclasses, coupled with a request for individual relief upon a third separate issue. The Federal Rules of Civil Procedure would permit such a proceeding, assuming proper classes existed (Fed. Rules Civ. Pro., *594 U. S. Code, tit. 28, Appendix, § 23; .subd. [c], par. [4]; 7A Wright & Miller, Federal Practice and Procedure, § 1790). A proposal for a similar State rule has been suggested (Hom-burger, State Class Actions and the Federal Rule, 71 Col. L. Rev. 609, 651-656). New York eases on point are lacking although O’Brien v. Provident Loan Soc. of N. Y. (60 Misc 2d 506, 509), in defining a class action, emphasizes that it is “ one cause of action ”,
However, in this day of liberalized pleading, including joinder of claims pursuant to CPLR 601, court backlogs and overwhelming burdens upon welfare recipients as well as welfare administrators, it makes little sense to honor and appease rigid interpretation at the expense of the courts, welfare recipients, governmental administrators and ultimately the taxpayer. If a true and appropriate class is found as to each issue asserted, a class action should be entertained and disposed of in one proceeding.
This course is not without precedent for the same approach was adopted in Francis v. Davidson (340 F. Supp. 351 [Md., 1972]) where a parent challenged assistance denials under an AFDC program. It has also been adopted in labor matters (Rios v. Enterprise Assn. Steamfitters Local Union No. 638 of U. A., 54 F. R. D. 234 [S. D. N. Y., 1971]) and in securities actions (Wolfson v. Solomon, 54 F. R. D. 584 [S. D. N. Y., 1972] and Benzoni v. Greve, 54 F. R. D. 450 [S. D. N. Y., 1972]).
The expediency of class relief has frequently been recognized in cases where public assistance recipients challenge uniform adverse policies (Matter of Cisco v. Lamine, 72 Misc 2d 1009 [and cases cited therein], mod. upon rearg. 72 Misc 2d 1087). The test in determining whether a proper class action exists is whether the wrongs complained of are individual to the different persons involved and thus not properly subject of a class action, or whether they are the result of a breach of duty under governing statutes and regulations which adversely affects in the same way the interest of every grant recipient to which the statute or regulation is applied (Young v. Shuart, 67 Misc 2d 689, mod. 39 A D 2d 724).
The court is asked as to class A, composed of New York welfare recipients whose assistance has been suspended or about to be suspended pursuant to section 351.22 ([c] [3] [i] [&]) of the Regulations to determine the validity of a suspension of assistance on the grounds that continuing eligibility is questionable and under investigation. Class B is composed of all minor, dependent children otherwise eligible for categorical *595 assistance under the Aid to Families with Dependent Children (U. S. Code, tit. 42, § 601 et seq.; Social Services Law, § 343 et seq.) whose assistance has been reduced, terminated, suspended or denied or who are threatened with such action, pursuant to subdivision (d) of section 352.31 of the Regulations. Petitioner on behalf of this class seeks a ruling upon the validity of such action without the benefit of a determination as to the continuing needs of the minor dependents.
In both situations, the challenge on behalf of the class is directed to an alleged breach of duty as to the members of the class arising out of the implementation of the specific sections of the Regulations. Such a breach, if established, adversely affects all members of the class in the same way, is •a wrong done to all, susceptible to correction for the benefit of all, without prejudice to the interests of any member of the class and of common interest to many persons (Young v. Shuart, 67 Misc 2d 689, supra). And in particular as to Class B, the problem is continuing (Matter of Ross v. Sipprell, 71 Misc 2d 677), as respondents relitigate the issue despite adverse decisions (Matter of Payne v. Sugarman, 39 A D 2d 720, affd. 31 N Y 2d 845; Matter of Robertson v. Lavine, 71 Misc 2d 757; cf. dissenting opn. in Griffith v. Wyman, 39 A D 2d 874, 875). The court is faced with separate questions of a claimed single wrong with widespread effect (Matter of Cisco v. Lavine, 72 Misc 2d 1009, supra; Murphy v. Wyman, 68 Misc 2d 894). The law in New York is now clear that an article 78 proceeding may be treated in substance as an action for a declaratory judgment (Matter of Kovarsky v. Housing & Development Administration of City of N. Y., 31 N Y 2d 184; Young v. Shuart, supra). The court holds that the interests of justice and judicial economy .will be served by granting class relief in this proceeding so that a complete resolution of the issues raised can be attained. (Murphy v. Wyman, 68 Misc 2d 894, 897, supra.)
Three issues are raised on the merits. The first relates to the validity of section 351.22 ([c] [3] [i] [6]) of the Regulations; the second deals with respondents’ suspension of assistance pursuant to subdivision (d) of section 352.31 of the Regulations; and the third concerns the cutting off of rent grants to petitioner*
CLASS A AND SECTION 351.22 ( [c] [3] [i] [6]) OP THE REGULATIONS
The notice of May 12, 1972, questioning petitioner’s eligibility related to the settlement proceeds. The Decision states that petitioner failed to satisfactorily explain what happened to. the $1,800. Petitioner’s explanation was that most of it had gone *596 toward a new automobile but respondents found that a new automobile was not essential to petitioner’s needs. The Decision concluded that in view of the failure to explain the use of the $1,800, the local agency, relying on section 351.22 of the Regulations, properly determined to investigate petitioner’s eligibility and to suspend assistance until such time as the investigation was completed, but in no case longer than three months.
Petitioner challenges this action after a fair hearing has been held, claiming a violation of her constitutional rights of equal protection and due process and also that this suspension violates the Social Security Act (U. S. Code, tit. 42, ch. 7).
Respondents’ argument that assistance was not cut off prior to a fair hearing and final determination misses the point. The court recognizes that assistance was continued until final determination, and the Decision so reflects. This is the. mandate of the United States Supreme Court in Goldberg v. Kelly (397 U. S. 254), followed in Matter of Dias v. Wyman (68 Misc 2d 286), and previously ordered in respect to the present petitioner (Matter of Norton v. Overcash, 70 Misc 2d 386), involving a different issue. The issue here is whether the respondents should be permitted to make no determination upon petitioner’s eligibility as a result of the receipt of the settlement proceeds and yet suspend assistance.
AFDC is a categorical assistance program with up to 75% Federal funding (Matter of Robinson v. Lavine, 71 Misc 2d 757, 759, supra). Federal law, therefore, prevails and State legislation which frustrates the full effectiveness of Federal law is invalid under the Supremacy Clause of the United States Constitution (Peres v. Campbell, 402 U. S. 637, 651-652 [1971]).
The Social Security Act (U. S. Code,'tit. 42, § 602, subd. [a], par. [9]) requires a State AFDC plan to provide aid with reasonable promptness to all eligible individuals. Federal regulations under the act (Code of Fed. Reg., tit. 45, § 206.10, ■subd. [a], par. [5]) require a State AFDC plan to provide: “ Financial assistance and medical care and services included in the plan will be furnished promptly to eligible individuals without any delay attributable to the agency’s administrative process, and will be continued regularly to all eligible individuals until they are found to be ineligible.” (Emphasis added.)
Once an individual is determined to be eligible, a State agency must reconsider or redetermine eligibility upon receipt of information, either from the recipient or other source, of anticipated or actual changes in the individual’s circumstances *597 affecting either the amount of assistance or continued eligibility (Code of Fed. Reg., tit. 45, § 206.10, subd. [a], par. [9], subpars. [i] and [ii]). However, subdivision (a), par. [12], subpar. [c]) of that same section states that in determining initial and continuing eligibility, “ If the individual is unwilling to have the agency seek verifying information, the agency, unable to determine that eligibility exists, denies or terminates assistance ”.
These sections establish a Federal requirement that assistance may not be terminated[1] without a determination of ineligibility unless an agency is unable to evaluate eligibility by reason of the recipient’s refusal to co-operate or provide necessary information as to needs. In the latter case, termination is also available. However, this proceeding is not a case where petitioner was unwilling to allow the agency to verify information. Her explanation was given but found to be unsatisfactory.
The New York Begulations state that where action on ineligibility or change in degree of need is taken, an agency which “verifies ineligibility or a change in degree of need” may discontinue a grant through an act of suspending assistance when “ continuing eligibility is questionable and under investigation ” (18 NYCRR 351.22 [c] [3] [6]).
There is an inherent conflict and ambiguity in this section. If ineligibility or change in need is verified, there is no continuing question of eligibility. No further investigation is required. The language of section 351.22 (subd. [c], par. [3], cl. [i], subcl. [6]) allows respondents to avoid making a determination of eligibility based on need after a fair hearing and at the same time terminate assistance. No “final” determination would formally exist because the matter is subject to continued investigation. Yet the matter is finally concluded as far as the recipient is concerned and that concern, even though the termination is limited to three months, is significant in its financial and sociological impact upon the recipient and the dependent children. As was observed in Goldberg v. Kelly (397 U. S. 254, 264, supra): “the crucial factor * * * is *598 that termination of aid pending resolution of a controversy over eligibility may deprive an eligible recipient of the very means by which to live while he waits. Since he lacks independent resources, his situation becomes immediately desperate. His need to concentrate upon finding the means for daily subsistence, in turn, adversely affects his ability to seek redress from the welfare bureaucracy.” (Emphasis in original).
Federal law requires a determination of ineligibility before terminating assistance. The same requirement is implicit in the New York Regulations. Suspension as a substitute for making a decision is specifically prohibited in section 351.22 (subd. [c], par. [3], cl. [ii]) of the Regulations. The court concludes that section 351.22 (subd. [c], par. [3], cl. [i], subcl. [6]) of the Regulations is invalid. The constitutional questions raised need not be reached.
Respondent Overcash raises an affirmative defense that the failure of petitioner, Corinne Norton, to report her change in financial circumstances to the local agency in violation of section 351.1 (subd. [b], par. [2]) of the Regulations as implemented through Department of Social Services Form DDS-1229, constitutes bad faith and unclean hands, barring relief. As discussed below, without a determination upon the children’s needs, the parents’ misconduct or fraud is insufficient to cut off relief to the children under an AFDC assistance program. (King v. Smith, 392 U. S. 309 ; Doe v. Shapiro, 302 F. Supp. 761 [Conn., 1969], app. dsmd. 396 U. S. 488, rehearing den. 397 U. S. 970; Cooper v. Laupheimer, 316 F. Supp. 264 [E. D. Pa., 1970]; Matter of Ryan v. New York State Dept. of Social Servs., 40 A D 2d 867; Matter of Robertson v. Lavine, 71 Misc 2d 757, supra.) The defense is without merit.
The court holds that a suspension of welfare assistance cannot be made without a final determination of ineligibility or change in needs. Respondents’ decision of September 11, 1972, fails to make such a determination, and in its absence, the termination of assistance under the guise of continuing investigation is arbitrary, capricious and erroneous as a matter of law. In that respect it is annulled and vacated. Petitioner, individually and on behalf of all others similarly situated, is awarded judgment declaring section 351.22 (subd. [c], par. [3], cl. [i]; subcl. [6]) of the Department of Social Services’ Regulations to be invalid under the Social Security Act and the Code of Federal Regulations adopted thereunder in that it permits a termination of assistance without a determination of ineligibility or change *599 in need. The declaration shall be effective as of the date of the judgment. Petitioner is entitled to recover the amount of suspended payments.
CLASS B AND SUBDIVISION (d) OP SECTION 352.31 OP THE REGULATIONS
Subdivision (d) of section 352.31 of the Regulations provides:
“ (d) Adjustment of excess grants. When a grant has not been reduced in a month where there is an increase in income or a decrease in need, an adjustment may be made to offset the excess in either or both of the two months following the month in which the excess was discovered, provided such excess is available to the recipient at the time the adjustment is made.”
Respondents relied upon this section as authority to suspend assistance to recover an excess grant. The Decision states that petitioner had received a full grant for the month of May while she was a patient in a State hospital, that “ all of her needs were met by the hospital ” and that the grant resulted in an overpayment for the period. The Decision concluded that because petitioner received notice that she had received an excess grant while still in the State hospital, the excess was available to her at the time of the notice.
Congress has determined that protection of dependent children is the paramount goal of the AFDC program (King v. Smith, 392 U. S. 309). The only eligibility requirements under this program are “ need ” and “ dependence ” (Doe v. Shapiro, 302 F. Supp. 761, supra). The “ need ” to be considered is that of the children (U. S. Code, tit. 42, § 606, subd. [a] et seq.; Code of Fed. Reg., Tit. 45, Part 233; 18 NYCRR Part 369; Matter of Robertson v. Lavine, 71 Misc 2d 757, 759 760, supra). A State may not put administrative convenience ahead of the welfare of needy children (Doe v. Hursh, 337 F. Supp. 614, 617 [Minn., 1970]). Any State regulation which cuts off aid to children on the basis of conduct of the parent must bear a heavy burden of justification (Taylor v. Martin, 330 F. Supp. 85, affd. sub nom. Carleson v. Taylor, 404 U. S. 980). The primary obligation of the AFDC program is to provide assistance to the family unit which is not met if an otherwise eligible child is deprived of AFDC funds because of parental misconduct (Bradford v. Juras, 331 F. Supp. 167 [Ore., 1971]; Woods v. Miller, 318 F. Supp. 510, 513 [W. D. Pa. 1970]), or the parents’ refusal to co-operate (Matter of Payne v. Sugarman, 39 A D 2d 720, affd. 31 N Y 2d 845, supra).
In the cited authority, parental misconduct or failure to co-operate precipitated an attempt to recoup or cut off pay *600 ments. Here, the petitioner’s action, if it may be so described, is passive. The same principles are applicable. There must be a determination of change in the child’s needs before any action can be taken by way of reducing payments or suspending them for the purpose of recouping excess grants (Matter of Ryan v. New York State Dept. of Social Servs., 40 A D 2d 867; Holloway v. Parham, 340 F. Supp. 336, 344 [Ga., 1972]). The Holloway case is somewhat similar on its facts to the instant proceeding. There, the father had been receiving aid for the permanently disabled as well as AFDC grants. Upon admission to a hospital without notice to the local agency, the father continued to receive disability benefits although not entitled to them during the hospitalization period. Upon learning of[1] the hospitalization, the local agency determined that excess grants had been received and reduced the AFDC grants to recover the excess. The court held that, absent a showing that all or part of the overpayments were currently available to plaintiff and her children and, therefore, a change in need existed, the applicable State statute was invalidly applied.
In this instance,.only petitioner’s needs while she was in the hospital were considered. But what about the child whose room and board was not being provided by the hospital? Bespondents’ determination which suspended assistance to recover excess grants is erroneous as a matter of law and is annulled and vacated. Petitioner is entitled to recover the amount of the payments suspended.
The court grants judgment declaring, on behalf of the instant petitioner and the class of children receiving assistance under the AFDC program whom she represents, that suspensions of assistance payments under this program in order to recoup excess grants pursuant to subdivision (d) of section 352.31 of the Begulations without a determination reflecting currently available overpayments and the child’s lack of need or change in need are invalid.
TERMINATION OR RENT PAYMENTS
The facts relating to this aspect of respondents’ determination have been stated above. Petitioner argues that as sole heir to her deceased mother who died intestate, her right to title attaches immediately upon death. Petitioner argues that inheritance to mortgaged lands, as here, is in the mortgagor; thus, mortgaged lands descend to a distributee of an intestate mortgagor subject to the mortgage, citing New York Jurisprudence (vol. 14, Decedents’ Estates, § 57). "While it is true that there *601 is no personal liability to make payments upon the mortgage, subdivision (b) of EPTL 3-3.6 and that the mortgagee is relegated to the mortgaged property to secure payment of the mortgage debt in the first instance (Levy v. Comfort, 13 N. Y. S. 2d 845, affd. 257 App. Div. 1037), the record shows that petitioner was making payments upon the mortgage and thereby protecting her equity in the property. Significantly, these payments protected the child’s needs. Petitioner is being penalized for complying with the intent of the AFDC program because, technically, she is not personally liable for these payments.
Petitioner urges that section 352.4 of the Regulations “ Shelter costs for client-owned property” requires respondents to make grants to cover mortgage payments on the home of which petitioner was found to be the owner of record. The argument is persuasive, for it could very well be that if petitioner and her child were forced to reside elsewhere and be housed at public expense, the costs to respondent would be significantly greater than at present (Matter of Le Godais v. Barbaro, 60 Misc 2d 988, 990; Matter of Veit v. Barbaro, 59 Misc 2d 117,121). Moreover, respondents have adequate protection to resort to in section 360 of the Social Services Law, held to be constitutional (Snell v. Wyman, 281 F. Supp. 853, affd. 393 U. S. 323), which permits conditioning the grant of aid upon giving a deed or a mortgage on the property to the agency. The determination is shortsighted.
Respondents’ determination eliminating rent grants from petitioner’s assistance payments is arbitrary and capricious and is annulled and vacated. Petitioner is entitled to recover the rent grants as of the date of the decision conditioned upon her compliance with section 360 of the Social Services Law.

. The word “ termination ” as used in section 206.10 of the Regulations apparently includes “suspension” and perhaps “reduction” of payments as such actions are clearly contemplated as powers of the local agency (Code of Fed. Reg., tit. 45, § 206.10, subd. [a], par. [7]; see, also, Code of Fed. Reg., tit. 45, § 205.10, subd. [a], par. [3], subpar. [iv] and § 205.10, subd. [a], par. [5], subpar. [i]) dealing with matters for consideration before a fair hearing. As a practical matter, termination and suspension have the same effect, cf. Matter of Norton v. Overcash, (70 Misc 2d 386, 387), differing only in terms of finality.