Joseph J. Kunzemah, J.
This is a special proceeding, pursuant to CPLR article 78 to annul the determination of respondent Lavine relative to the adequacy of a grant of aid to petitioner’s son who is a recipient of assistance in the aid to the disabled category.
During the period of petitioner’s hospitalization, from September 5 to September 11,1973, Amneris Rodriguez and Aida Vega were retained to render services to petitioner’s son, Pablo Perez. Respondent Dumpson thereafter made a payment of $150 to Amneris Rodriguez for her services and denied payment to Aida Vega. After á fair hearing, respondent Lavine affirmed the action of the city agency.
Respondent Dumpson’s contention that this is a matter which must be transferred to the Appellate Division requires preliminary consideration. A proceeding challenging a determination made as a result of a hearing held by direction of law must be so transferred where the petition raises the issue of substantiality of the evidence. (CPLR 7803, subd. 4; 7804, subd. [g].) Here, petitioner does not raise that issue, but instead, assuming the findings made are adequately supported in the record, raises only the issue of whether the determination of respondent Lavine was arbitrary, capricious and erroneous as a matter of law. Such an issue is for this court to decide. (Norton v. Lavine, 74 Misc 2d 590; Matter of Robertson v. Lavine, 71 Misc 2d 757.)
*181 Respondent Lavine found as a fact in his “ Decision After Fair Hearing ” that Amneris Rodriguez and Aida Vega “rendered housekeeping services” for petitioner’s disabled son. He further held that the regulations of the State Department of Social Services provide for the payment by the local agency for such services rendered to a recipient of assistance who is unable to provide those services for himself. (18 NYCRR 352.9[c].) Respondent concluded, however, that payments made were in full accordance with fee schedules established by the New York City agency and were in all respects proper.
The court is at a loss to determine whether the payments in fact accord with ‘ ‘ established schedules ’ ’, since those schedules were not provided by either respondent. If, however, the schedules do indeed provide for payment of $1.25 per hour for 120 hours of “housekeeping services” and $0 per hour for 26 hours of “housekeeping services”, then the .schedules are, in that respect, arbitrary.
The Minimum Wage Act (L. 1960, ch. 619, as amd.) provides that a wage of not less than $1.85 per hour be paid to employees engaged in any occupation other than those specifically exempted. (Labor Law, § 652, subd. 1, par. [d].) Individuals who perform housekeeping services are not exempt from the operation of the act. (Labor Law, § 651, subd. 5.) Where the agency is required by State regulations to purchase such services for a recipient of assistance, the fixing of a fee by the agency below the minimum wage is arbitrary and unreasonable as a matter of law.
Accordingly, judgment shall be granted annulling the determination of respondent Lavine which affirmed the action of the agency and respondent Dumpson shall be directed to pay an additional $72 to Amneris Rodriguez and $48.10 to Aida Vega for services rendered to Pablo Perez.