Angelo Graci, J.
This is a proceeding pursuant to CPLR *515 article 78 to annul the determination of respondent New York State Department of Social Services dated June 16, 1975 which, after a fair hearing, affirmed a prior determination of respondent New York City Department of Social Services dated April 22, 1975, denying public assistance payments to the petitioner for the benefit of her three minor children on the ground that petitioner transferred assets in order to qualify for public assistance.
In bringing this article 78 proceeding the petitioner challenges this determination only under CPLR 7803 (subd 3) on the grounds that it is arbitrary, capricious and contrary to law. The city commissioner’s verified answer, however, dwells on CPLR 7803 (subd 4), asserts that there was substantial evidence on the record to support his decision and requests transfer of the proceeding to the Appellate Division pursuant to CPLR 7804 (subd [g]).
In Matter of Robertson v Levine (71 Misc 2d 757, 758) the court in ruling upon this objection stated: "The grounds specified in subdivisions 3 and 4 of CPLR 7803 are separate and distinct bases for relief. Under subdivision 3 of CPLR 7803 the review grounds are error of law, arbitrariness or abuse of discretion. Under subdivision 4 of CPLR 7803, the review goes to whether factual determinations are supported by substantial evidence. Even where a determination of fact is based upon 'substantial evidence’ on the record, the administrative result can still be challenged as erroneous as a matter of law.
"In any event, the petitioner here omits any reference to the grounds specified in subdivision 4 of CPLR 7803, and in so doing, waives those grounds insofar as this proceeding is concerned. The basis for transfer is found in the petition itself and the State’s reply may not alter or amplify the particular grounds raised in the application or introduce an affirmative claim not made by the petitioner. No 'substantial evidence’ issue being presented in the petition, there is no basis for transfer.”
Since the order to show cause and verified petition request the reversing of the respondent’s determination only with respect to petitioner’s three children, in the absence of an amended petition the court will limit its ruling to petitioner’s three children and will not consider the respondent’s determination denying public assistance to petitioner and her husband as requested in petitioner’s reply affidavit.
*516 On or about April 21, 1975 the petitioner and her husband applied for public assistance for themselves and their three minor children and shortly thereafter received a notice of nonacceptance dated April 22, 1975 stating, "After careful consideration of your application for PA-ADC we find that you are not eligible for the following reasons: Your transferring of assets in order to qualify for P.A.” This determination was affirmed after a fair hearing before respondent State commissioner.
The issue to be decided, therefore, is whether or not the transfer of petitioner’s car without consideration to her brother is a valid basis for denying ADC assistance to her children.
Under Federal standards eligibility for the aid to dependent children must be based upon only two criteria, need and dependency. In this case both criteria have been met. In fact, the respondent State commissioner made a finding that the petitioner was in need. This appears in a notation entered on his fair hearing statistical report. Conditioning ADC assistance upon any other criteria is an invalid eligibility requirement under applicable Federal standards.
Even if it be determined that petitioner and her husband improperly transferred their automobile without consideration for the purpose of qualifying for public assistance, such conduct, in light of the fact that there was no indication in the record of a present lack of need, could not deprive petitioner’s minor children of the assistance they were entitled to receive. (Matter of Ryan v New York State Dept. of Social Servs., 40 AD2d 867; Payne v Sugarman, 39 AD2d 720.)
Accordingly, the court holds that the denial of ADC to the petitioner’s minor children was in violation of Federal statutory authority and was therefore erroneous as a matter of law. Both respondents’ determinations with respect to aid to dependent children are annulled and assistance for the benefit of petitioner’s children is directed to be paid retroactively to April 22, 1975.