Louise T. HOLLOWAY, on Her Own Be-
half and on Behalf of Her Minor
Children, Plaintiffs,

v.

T. M. PARHAM, Director of the State
Department of Family and Children
Services, Defendant.

Civ. A. No. 15346.

United States District Court,
N. D. Georgia,
Atlanta Division.

March 31, 1972.

Archie Bearden, Jr., Jay E. Loeb and Michael H. Terry, Atlanta, Ga., for plaintiffs.

Arthur K. Bolton, Atty. Gen. of Georgia, Thomas H. Boyd, Asst. Atty. Gen., Atlanta, Ga., for defendant.

Before BELL, Circuit Judge, and O'KELLEY and FREEMAN, District Judges.

RICHARD C. FREEMAN, District Judge:

## ORDER

This action is brought by a welfare recipient to challenge a Georgia statute [1] under which the Georgia State Department of Family and Children Services recoups public assistance overpayments from current welfare grants. Plaintiff asserts that a Georgia welfare statute is unconstitutional [2] and incon-

---

1. The statute under attack is Ga.Code Ann. § 99–2912(b) which states:

 (b) Any person who obtains any payment of public assistance to which he is not entitled, or in excess of that to which he is entitled, shall be liable to repay such sum, or if continued on assistance shall have future grants proportionately reduced until the excess amount received has been repaid. In any case in which, under this section, a person is liable to repay any sum, such sum may be collected without interest by civil action brought in the name of the Department of Family and Children Services of the State of Georgia. Any repayment required by this subsection may, in the discretion of the Director of the Department of Family and Children Services, be waived in whole or in part, upon a finding by the Director of the Department of Family and Children Services that such repayment would deprive such person, his spouse, parent, or child of shelter or subsistence needed to enable such person, spouse, parent, or child to maintain a minimum standard of health and well-being. (Acts 1965, pp. 385, 391.)

2. Plaintiff asserts that Ga.CodeAnn. § 99–2912(b) violates the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution.

sistent with the Social Security Act[3] and federal administrative regulations.[4] Plaintiff demands injunctive and declaratory relief. A three-judge court was convened pursuant to 28 U.S.C. §§ 2281 and 2284. This court has jurisdiction of the subject matter under 28 U.S.C. § 1343(3) and (4); 42 U.S.C. § 1983. Rosado v. Wyman, 397 U.S. 397, 90 S.Ct. 1207, 25 L.Ed.2d 442 (1970). This court will consider pendent statutory claims as well as the constitutional claims presented. King v. Smith, 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968); Fla. Lime and Avocado Growers Inc. v. Jacobsen, 362 U.S. 73, 80 S.Ct. 568, 4 L.Ed.2d 568 (1960).

## STATEMENT OF THE CASE

Plaintiff Louise T. Holloway and her six (6) minor children are certified as eligible for Aid to Families with Dependent Children (hereinafter referred to as AFDC), under state and federal law since their needs are not being completely met by the income of Mr. and Mrs. Holloway. Defendant T. M. Parham, Director of the State Department of Family and Children Services, is in charge of administering grants of public assistance.

Prior to April 3, 1970, plaintiff and her children were receiving AFDC and Mr. Holloway, who was then living in the home, was receiving Aid to the Permanently and Totally Disabled (hereafter referred to as APTD).[5] On April 3, 1970, Mr. Holloway was incarcerated in the Fulton County Jail, where he remained until admitted to Central State Hospital on May 13, 1970. As a patient at Central State Hospital, Mr. Holloway was not eligible for APTD.[6] Mr. Hollo-

3. Plaintiff asserts that Ga.Code Ann. § 99–2912(b) does not conform with 42 U.S.C. § 602(a) (10) which states:
 (a) A State plan for aid and services to needy families with children must . . . (10) provide, effective July 1, 1951, that all individuals wishing to make application for aid to families with dependent children shall have opportunity to do so, and that aid to families with dependent children shall be furnished with reasonable promptness to all eligible individuals; . . .

4. Plaintiff asserts that Ga.Code Ann. § 99–2912(b) does not conform with 45 C.F.R. § 233.20(a) (3) (ii) (d) which states:
 (a) Requirements for State Plans. A State Plan for OAA, AFDC, AB, APTD or AABD must, as specified below:
 . . . (3) Income and Resources; OAA, AFDC, AB, APTD, AABD. . . . (ii) Provide that, in establishing financial eligibility and the amount of the assistance payment; . . . (d) current payments of assistance will not be reduced because of prior overpayments unless the recipient has income or resources currently available in the amount by which the agency proposes to reduce payment; except that where there is evidence which clearly establishes that a recipient willfully withheld information about his income or resources, such income or resources

may be considered in the determination of need to reduce the amount of the assistance payment in current or future periods; . . . .

5. Grants under both Aid to Families with Dependent Children (AFDC) and Aid to the Permanently and Totally Disabled (APTD) are administered by the State Department of Family and Children Services under the direction of defendant T. M. Parham.

6. Ga.Code Ann. § 99–2002 states:
 99–2002. Eligibility for assistance to totally and permanently disabled.—Assistance is to be granted under this Chapter to any person who:
 (a) Is not less than 18 nor more than 65 years of age.
 (b) Is totally and permanently disabled as that term is defined in this Chapter.
 (c) Has not sufficient income or other resources to provide a subsistence compatible with decency and health.
 (d) Has not made an assignment or transfer of property for the purpose of rendering himself eligible for assistance under this Chapter at any time within two years immediately prior to the filing of application for assistance pursuant to the provisions of this Chapter: Provided, that it shall in no event be an eligibility requirement that the applicant subscribe to a pauper's oath.
 (e) Has been a bona fide resident of the State for not less than one year.

way's confinement was not reported to the State Department of Family and Children Services (hereafter referred to as the Department) until August, 1970. Having no notification of his confinement, the Department mailed Mr. Holloway's APTD checks for the months of May, June, July and August, 1970, to his home address. Plaintiff Louise Holloway, cashed the checks and used the proceeds ($242.00) for family living expenses.

On March 12, 1971, the Department notified plaintiff by mail that the family's AFDC checks for April and May, 1971, and thirty-eight dollars ($38.00) of the June, 1971, check (a total of $314.00) would be withheld because "the endorsements of Mr. Holloway's May, June, July and August, 1970 checks were not legal." [7] Upon objection by counsel for plaintiff, the Department agreed to deduct twenty-eight dollars ($28.00) from each of plaintiff's subsequent AFDC checks until the overpayment ($242.00) was recovered rather than completely withholding the April and May checks. In compliance with plaintiff's request, the Department allowed the full amount of the AFDC grant ($138.00 a month) to be paid to plaintiff pending a hearing on the matter. On May 24, 1971, an administrative hearing was held to determine whether the Department could withhold part of plaintiff's AFDC grant and apply it against overpayments of APTD grants made to the plaintiff's husband. The hearing officer upheld the Department's decision [8]

(f) Is not receiving old age assistance, aid to the blind, or aid to dependent children. (Acts 1952, pp. 15, 16; 1964, p. 665).

However, the Georgia Code's definition of "assistance" excludes persons confined in public institutions from eligibility for APTD. Ga.Code Ann. § 99–2001 states in part:

"Assistance" means money payments to, or medical care in behalf of, or any type of remedial care recognized under State law in behalf of needy individuals who are totally and permanently disabled, but does not include any such payments to or care in behalf of any such individual who is an inmate of a public institution (except as a patient in a medical institution) or any individual (a) who is a patient in an institution for tuberculosis or mental disease, or (b) who has been diagnosed as having tuberculous or psychosis and is a patient in a medical institution as a result thereof.

7. Letter from the Fulton County Department of Family and Children Services to Mrs. Louise Holloway, March 12, 1971, a copy of which is attached to the complaint as Exhibit "A".

8. The report of the hearing officer states:

REPORT OF THE HEARING
OFFICER

This hearing, held on May 24, 1971, involved the question whether the State Department of Family and Children Services can properly withhold a sum of money on the Appellant's Aid to Families with Dependent Children assistance to apply against an overpayment made to her husband, an Aid to the Disabled recipient.

FINDINGS OF FACT

1. Prior to May 1970, Appellant was receiving Aid to Families with Dependent Children assistance for herself and six children. Her husband, Jessie Holloway, was receiving Aid to the Disabled assistance.

2. On April 3, 1970, Mr. Holloway was incarcerated, and on May 13, 1970, Mr. Holloway entered Central State Hospital. These facts were not reported to the County Department and the State Department of Family and Children Services continued to mail Mr. Holloway's assistance check to his home address for the months of May, June, July and August until the fact that he was in Central State Hospital was discovered. There was a total overpayment made in these four months of $242.00.

3. These four checks were not endorsed by Mr. Holloway, and the proceeds of the checks were used by Appellant for her and her family's purposes. Although Appellant visited her husband a number of times during this period, she never told him that his welfare checks were continuing.

4. Notice of the proposed reduction in the Appellant's assistance was mailed to her on March 12, 1971.

5. An oral request on appeal of this matter was made on April 15, 1971.

6. The notice, dated March 12, 1971, stated that Appellant's assistance would be withheld for the months of April

to withhold twenty-eight dollars ($28.00) a month from plaintiff's AFDC grant until the overpayments in her husband's ATPD grants were recouped. The hearing officer cited Ga.Code Ann. § 99–2912 as authority for the Department's action.

Thereafter, plaintiffs instituted the present action for injunctive and declaratory relief. Plaintiffs have moved pursuant to Fed.R.Civ.P. Rule 23(a) and (b) (2) to maintain this action as a class action. Subsequent to oral argument, plaintiffs petitioned the court to admit additional evidence. Before addressing itself to plaintiff's request for injunctive and declaratory relief, this court will rule on plaintiff's motion for a class action and petition to admit additional evidence.

## CLASS ACTION

■ Before this action can proceed as a class action, plaintiff must satisfy the prerequisites of Fed.R.Civ.P. Rule 23(a) which provides:

One or more members of a class may sue or be sued as representative parties on behalf of all *only if (1) the class is so numerous that joinder of all members is impracticable,* (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses

of the class, and (4) the representative parties will fairly and adequately protect the interests of the class, (emphasis added).

Plaintiff asserts that she represents a class consisting of all recipients (over 260,000 individuals) of AFDC in the State of Georgia during the pendency of this action. Plaintiff asserts that the question of law common to the class is whether an overpayment made to an AFDC group can be recouped from current AFDC assistance payments pursuant to Ga.Code Ann. § 99–2912(b). This court agrees with plaintiff's designation of the question of law; however, the court believes that plaintiff's definition of the class (all AFDC recipients in Georgia) is overly broad. For the purposes of this action, the court finds that the plaintiff class can be more precisely defined as all AFDC groups from which the Department has or has attempted to recoup overpayments from current AFDC assistance payments during the pendency of this suit.

Although plaintiff is a member of this class, plaintiff also must meet the numerosity requirement of Fed.R.Civ.P. Rule 23(a) (1) by establishing "that the members of the alleged class are so numerous as to make it impracticable to bring them all before the court." Demarco v. Edens, 390 F.2d 836, 845 (2d Cir. 1968). During oral argument counsel for the defendant estimated that

and May and her June check would be reduced sufficiently to recover the outstanding balance. Subsequently during the first of April, this decision was revised and it was decided to withhold the $28.00 a month from Appellant's assistance check to apply against the above overpayment.

7. A comparison of the endorsement on the subject checks with an undisputed signature of Appellant shows that she endorsed the four checks making up the overpayment to Mr. Holloway. The facts showing she used this money for herself and her family would create an obligation on her part to make a refund of the overpayment.

CONCLUSIONS OF LAW

Ga.Code Ann. Section 99–2912 provides that any person by means of false state-

ment, failure to disclose information, impersonations or other fraudulent device obtains assistance to which he is not entitled, is guilty of fraud in obtaining public assistance. It is further provided that any person who obtains any public assistance to which he is not entitled shall be liable to repay such sum, and if continued on assistance shall have grants proportionately reduced until full restitution is made.

It is my opinion that action of the State Department of Family and Children Services to apply $28.00 a month from the Appellant's future assistance payment against the overpayment, which was made and which she used for her and her family, was a proper action.

there were no more than ten (10) to twenty (20) recipients from whom the Department may be recouping overpayments. Plaintiffs did not contest this estimate and offered no evidence to the contrary. Thus, the number of members in the class is speculative and at most number twenty. Under these facts plaintiff has not sustained her burden of satisfying the numerosity requirement. Therefore, this court cannot find that the class is so numerous that joinder of all members is impracticable. Accordingly, plaintiff's motion for a class action is hereby DENIED and the action shall proceed in the name of plaintiff Louise T. Holloway on her own behalf and behalf of her minor children.

## PETITION TO ADMIT ADDITIONAL EVIDENCE

■■■ Subsequent to the hearing, plaintiff moved this court to admit additional evidence in the form of affidavits pertaining to recoupment of overpayments from another welfare recipient. On October 6, 1971, Judge Freeman of this court ordered defendant to show cause in writing before October 18, 1971, why plaintiff's petition should not be granted. Defendant has not objected to the petition. Since the court has ruled that this action cannot be maintained as a class action, the subject matter of affidavits submitted is irrelevant to plaintiff's case. Accordingly, plaintiff's petition is DENIED.

## DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff attacks the recoupment procedure authorized by Ga.Code Ann. § 99–2912(b) by seeking a declaratory judgment that it is invalid on its face and as applied by seeking an injunction ordering defendant to refrain from administering the Georgia State plan for AFDC out of conformance with 42 U.S. C. § 602(a) (10), HEW administrative regulations and the due process and equal protection clauses of the Four-

teenth Amendment. This attack is based on the following contentions that:

(1) Ga.Code Ann. § 99–2912(b) does not comply with the requirement of 42 U.S.C. § 602(a) (10) that assistance (AFDC) shall be furnished to all eligible individuals with reasonable promptness, as it allows restitution from needy dependent children for fraud perpetrated by their parent.

(2) Ga.Code Ann. § 99–2912(b) does not comply with the provisions of HEW regulation 45 C.F.R. § 233.20(a) (3) (ii) (d) that current assistance (AFDC) will not be reduced because of prior overpayments unless the recipient has income or resources available in the amount of the alleged overpayment, as it allows a reduction of current or future assistance payments to innocent needy dependent children regardless of the resources currently available and their actual need as established by the Department.

(3) Ga.Code Ann. § 99–2912(b) violates the equal protection clause of the Fourteenth Amendment in that by compelling restitution for an overpayment from current assistance (AFDC) to the whole family it arbitrarily discriminates against needy dependent children on the basis of misconduct by their parents.

(4) Ga.Code Ann. § 99–2912(b) violates the due process clause of the Fourteenth Amendment by placing an arbitrary and unreasonable condition of eligibility on needy dependent children which is wholly unrelated to the statutory purpose of the AFDC program.

Before dealing with plaintiff's contentions a brief examination of the purposes and requirements of the AFDC program is appropriate. It was created by Congress:

For the purpose of encouraging the care of dependent children in their own homes or in the homes of relatives by enabling each State to furnish financial assistance and rehabilitation and other services, as far as practicable under the conditions in such State, to needy dependent chil-

dren and the parents or relatives with whom they are living to help maintain and strengthen family life and to help such parents or relatives to attain or retain capability for the maximum self-support and personal independence consistent with the maintenance of continuing parental care and protection. . . . 42 U.S.C. § 601.

 The paramount goal of the program is to protect needy and dependent children. King v. Smith, 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1967). Although Congress delegated to the states the power to determine what children are needy for the purposes of AFDC, see King v. Smith, *supra*, 392 U. S. at 318 n. 14, 88 S.Ct. 2128, a dependent child is defined by the Act.[9] By accepting federal funds,[10] Georgia assumed the duty "that aid to dependent children shall be furnished with reasonable promptness to all eligible individuals." 42 U.S.C. § 602(a) (10). In fulfilling this duty a state must be guided by the only two prerequisites for eligibility established by Congress—need and dependency. When a state deviates from these guidelines in administering AFDC funds, it may be held to have breached its duty. Thus, it has been held that this duty is breached if an otherwise eligible child is deprived of AFDC funds because of certain types of parental misconduct. In King v. Smith, *supra*, the Supreme Court invalidated an Alabama regulation which denied AFDC payments to children because the mother cohabited with an able-bodied man, not her husband. A three-judge district court struck down a Connecticut regulation which terminated AFDC grants to

illegitimate children because their mother refused to disclose the name of the children's father. Doe v. Sharpiro, 302 F.Supp. 761 (D.Conn.1969). A three-judge district court struck down a Pennsylvania regulation, which provided for mandatory recoupment of AFDC overpayments by reducing current or future grants to the entire family without first giving consideration to the needs of the dependent children. Cooper v. Laupheimer, 316 F.Supp. 264 (E.D.Pa.1970).

 Keeping the above principles in mind, the court will examine the validity of Ga.Code Ann. § 99–2912(b) on its face and as applied.

## VALIDITY OF GA.CODE ANN. § 99–2912(b) ON ITS FACE

The exact wording of Ga.Code Ann. § 99–2912(b) is incorporated in the State AFDC Plan approved by HEW.[11] It states:

Any person who obtains any payment of public assistance to which he is not entitled, or in excess of that to which he is entitled, shall be liable to repay such sum, or if continued on assistance *shall have future grants proportionately reduced until the excess amount received has been repaid.* In any case in which, under this section, a person is liable to repay any sum, such sum may be collected without interest by civil action brought in the name of the Department of Family and Children Services of the State of Georgia. Any repayment required by this subsection *may, in the discretion of the Director of the Department of Family and Children Services be*

9. 42 U.S.C. § 606(a) defines a dependent child as:

a needy child (1) who has been deprived of parental support or care by reason of the death, continued absence from the home, or physical or mental incapacity of a parent, and who is living with his father, mother, grandfather, grandmother, brother, sister, stepfather, stepmother, stepbrother, stepsister, uncle, aunt, first cousin, nephew, or niece, in a place of residence maintained by one or more of such relatives as his or

their own home, and (2) who is (A) under the age of eighteen, or (f) under the age of twenty-one and . . . a student.

10. HEW may partially or entirely terminate federal payments if the state fails to comply substantially with the requirements of 42 U.S.C. § 602(a). 42 U.S.C. § 604(a) (2).

11. Manual of Public Welfare Administration, Part III, Section XII–A.

*waived in whole or in part,* upon a finding by the Director of the Department of Family and Children Services that such repayment would deprive such person, his spouse, parent, or child of shelter or subsistence needed to enable such person, spouse, parent, or child of shelter or subsistence needed to enable such person, spouse, parent, or child to maintain a minimum standard of health and well-being (emphasis added).

Plaintiff contends that the use of the words "shall have future grants proportionately reduced" in effect creates a mandatory provision for restitution of overpayments without consideration of the needs of dependent children. This effect, plaintiff contends, is not remedied by the statute's provision granting defendant the arbitrary discretion to waive any repayment in whole or in part. The use of the word "may" in the waiver clause would appear to support plaintiff's position that consideration of the needs of dependent children prior to reduction of payments is subject to the arbitrary discretion of defendant.

However, the meaning to be given the word "may" is governed by Ga.Code Ann. § 102–103 which provides in part:

> *Meaning of certain words.*—The following meanings shall be given to the following words in all statutes, unless a different meaning is apparent from the context:
>
> * * * * * *
>
> *May* ordinarily denotes permission and not command. *Where the word as used in a statute concerns the public interest or affects the rights of third persons it will be construed to mean "must" or "shall"* (emphasis added).

Applying the above statute to Ga.Code Ann. § 99–2912(b), this court finds that the use of the word "may" in the statute's waiver clause affects the rights of needy dependent children to receive financial assistance under the Georgia AFDC program. Thus, it is clear that the word "may" in the waiver clause of Ga.Code Ann. § 99–2912(b) must be construed as mandatory rather then permissive.

Construing Ga.Code Ann. § 99–2912(b) properly, the waiver clause directs that any repayment *must* or *shall* in the discretion of the Director be waived in whole or in part, upon a finding by the Director that such repayment would deprive any parent or child of shelter or subsistence needed to enable such person to maintain a minimum standard of health or well-being. Thus, the statute requires the Director to exercise his discretion by considering the *need* of dependent children before recouping overpayments in AFDC.

Since this construction of Ga.Code Ann. § 99–2912(b) requires the Director to waive repayment if there is *need,* it does not allow restitution from *needy dependent children for the misconduct of* their parents. Thus, Ga.Code Ann. § 99–2912(b) is consistent with the provisions of the Social Security Act [42 U.S.C. § 602(a) (10)] [12] and HEW regulations [45 C.F.R. 233.20(a) (3) (ii) (d)].[13] It also complies with the equal protection and due process clauses of the Fourteenth Amendment. Therefore, this court finds that Ga.Code Ann. § 99–2912(b) is constitutionally valid on its face.

## GA.CODE ANN. § 99–2912(b) AS APPLIED

[redacted] Since this court has held Ga.Code Ann. § 99–2912(b) valid on its face, the only remaining issue is whether defendant applied it to the plaintiff and her children in a valid manner. In administering the Georgia AFDC program, defendant must comply with the HEW regulations as well as the social welfare provisions of the Georgia Code.[14] Ga.Code Ann. § 99–2912(b), as construed by this court, requires that defendant

12. *See* note 3 *supra.*

13. *See* note 4 *supra.*

14. *See* note 10 *supra.*

make a determination as to whether repayment would deprive plaintiff and/or her children of shelter or subsistence needed to enable them to maintain a minimum standard of health and well-being, before recoupment procedures can be instituted. Since defendant made a determination of "need" when he certified plaintiff and her children eligible for AFDC benefits, it follows that as long as plaintiff and her children are eligible for AFDC benefits, the statute requires that defendant exercise his discretion and waive the repayment in whole or in part.

In exercising this discretion, defendant must comply with HEW regulations which provide that:

> [C]urrent payments of assistance will not be reduced because of prior overpayments unless the recipient has income or resources currently available in the amount by which the agency proposes to reduce payment; except that where there is evidence which clearly establishes that a recipient willfully withheld information about his income or resources may be considered in the determination of need to reduce the amount of the assistance payment in current or future periods . . .

45 C.F.R. § 233.20(a) (3) (ii) (d).

Thus, if it can be shown that all or part of the overpayments are *currently* available to plaintiff and her children, defendant can elect either to reduce the current AFDC payments by the amount of the overpayments *currently* available or consider the amount of the overpayments *currently* available in the determination of their need, thereby reducing the amount of the assistance in current or future periods. Absent such a showing, defendant must waive the entire amount of repayment.

The record clearly indicates that defendant made no such showing and that the defendant's hearing officer did not make any determination as to a change in the "need" of plaintiff and her children. Therefore, this court finds that defendant invalidly applied Ga.Code Ann. § 99–2912(b) to plaintiff and her children. Accordingly, the case is remanded to defendant with the instruction that absent a finding that there has been a change in "need" of plaintiff and her children, defendant is to waive repayment.

In summary, the court has today ordered:

(1) Plaintiff's motion for a class action denied;

(2) Plaintiff's petition to admit additional evidence denied;

(3) Ga.Code Ann. § 99–2912(b) declared constitutionally valid on its face;

(4) Ga.Code Ann. § 99–2912(b) declared invalidly applied;

(5) Remanded plaintiff's case to defendant with instruction that absent a finding that there has been a change in "need" of plaintiff and her children, defendant is to waive repayment.

It is so ordered and adjudged.