■ In the Matter of EDWARD GROESBECK, Petitioner, v. ABE LAVINE, as Commissioner of the New York State Department of Social Services, et al., Respondents.— Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court at Special Term, entered in Albany County) to review a determination of the New York State Department of Social Services which reduced petitioner's public assistance grant for willful concealment of an income tax refund. Petitioner is a recipient of public assistance of Aid to the Disabled for himself and received $137.35 a month. In March of 1972 he received income tax refunds from both Federal and State governments totaling $95.27. He did not advise the respondent agency until sometime in May after he had received a letter from the Department of Social Services to report to them any tax refund he received. He was subsequently notified that the amount of the tax refunds would be deducted from his June and July checks. A fair hearing was requested and held. The Department of Social Services confirmed the agency's decision to reduce petitioner's monthly payments. This proceeding was then commenced. The issue to be determined is whether there is substantial evidence to substantiate respondent's determination. In our opinion, there is. The pertinent regulation allows such a deduction where the evidence clearly establishes that a recipient has willfully withheld information about his income or resources. (Code of Fed. Reg., tit. 45, § 233.20, subd. [a], par. [3], cl. [ii], subd. [d].) Concededly, petitioner withheld the fact that he had received tax refund checks. The record also reveals that petitioner signed a statement in his application promising to notify the Department of Social Services of any change in his income or resources. While petitioner's testimony is somewhat evasive, it is ample to justify a conclusion that he knew he was obliged to report receipt of the income tax refunds. Consequently, we conclude that on this record there is substantial evidence to justify respondent's determination and, therefore, we should not disturb it. The case of *Holloway* v. *Parham* (340 F. Supp. 336), relied upon by petitioner, is readily distinguishable for there the court was dealing with a case involving aid to needy dependent children who were innocent of any wrongdoing. Determination confirmed, without costs. Staley, Jr., J. P., Greenblott, Sweeney, Simons and Reynolds, JJ., concur.

■ MINETTE JACOBS et al., on Behalf of Themselves and All Others Similarly Situated, Appellants, v. ITALIAN LINE, Also Known as ITALIA NAVIGAZIONE, Respondent.— Order, Supreme Court, Delaware County, entered on January 19, 1972, affirmed, without costs. (See *Hall* v. *Coburn Corp. of Amer.*, 26 N Y 2d 396, 402.) No opinion. Herlihy, P. J., Sweeney, Simons, Kane and Reynolds, JJ., concur.