ELIJAH REDDING AND MARGIE JACKSON REDDING, HIS WIFE; AND HATTIE HARRIS, GEORGE MORGAN, GLADYS CARR, LOUISE LIPSCOMB, AND ALL OTHERS SIMILARLY SITUATED, PLAINTIFFS-RESPONDENTS, v. BURLINGTON COUNTY WELFARE BOARD, A BODY CORPORATE AND POLITIC, DEFENDANT-APPELLANT.

Argued June 3, 1974—Decided July 30, 1974.

440

*Mr. John B. Mathews* argued the case for defendant-appellant.

*Mr. Murray J. Klein* of Camden Regional Legal Services, argued the cause for plaintiffs-respondents.

The opinion of the Court was delivered by

SULLIVAN, J. This appeal involves the issue of whether a county welfare board is empowered under applicable federal and state legislation to recoup overpayments of welfare made to recipients of assistance under the Aid to Families with Dependent Children (AFDC) program. The Superior Court, Law Division, held that the Burlington County Welfare Board had no such power and in instituting civil suits to recover overpayments it acted in violation of its authority under both the Federal Social Security Act and implementing State act. *Redding v. Burlington Cty. Welfare Bd.,* 123 *N. J. Super.* 572 (1973). The Appellate Division affirmed essentially for the reasons expressed in the trial court's opinion. 126 *N. J. Super.* 152 (1973). Certification was granted by this Court. 64 *N. J.* 504 (1974).

The AFDC program is one of a series of aid and assistance programs established under the Social Security Act of 1935. 42 *U. S. C. A.* §§ 301–1396. The category singled out for welfare assistance by AFDC is the "dependent child" who is defined in the act as an age-qualified "needy child" who has been deprived of parental support or care and who is living with any one of several listed relatives.

Participation in the program by a state is on a voluntary basis. However, once a state elects to establish an AFDC program and takes advantage of the substantial federal funds available for distribution to needy children, it is required to submit an AFDC plan for administration of the program to the Secretary of Health, Education and Welfare (H.E.W.) for approval. The plan must conform with the several requirements of the Social Security Act as implemented by rules and regulations promulgated by H.E.W.

Every state in the Union has elected to participate in the AFDC program. New Jersey adopted its plan of Assistance for Dependent Children in 1959, *N. J. S. A.* 44: 10-1 *et seq.,* under which the county welfare boards administer the program subject to the supervision of the Department of Institutions and Agencies which has adopted general policies, rules and regulations for carrying out the purposes of the act.

Pursuant to the statutory authorization granted it, the Burlington County Welfare Board has been administering the AFDC program in that county. However, commencing in 1972 the Board began to file suits against particular AFDC welfare recipients alleging that they had received payments in excess of amounts authorized by law. In each suit the Board sought to obtain a civil judgment for the amount of the overpayment. To date more than 100 such suits have been filed by the Board.[1]

A number of the defendants in these suits then filed a class action in the Law Division to restrain the prosecution of this type of action on the ground that the Board has no power or authority under the Social Security Act, state law or applicable federal or state regulations, to bring a civil suit to recover AFDC overpayments made to welfare re-

---

[1] The Board represents that in each case the overpayment resulted from a lack of knowledge on the part of the Board of the receipt of some type of income by the defendant, or the possession by defendant of assets, which, if known by it, would have reduced or eliminated a monthly grant of public assistance to the defendant.

cipients. It was also charged that these suits violated plaintiffs' rights to due process and equal protection.

The Board's position, simply stated, was that it not only had the power but the duty to obtain civil judgments for these overpayments. It concedes that it could not collect on any such judgment by reducing current welfare payments, but it did assert the power to reduce its claim for overpayment to a civil judgment "so that it will have the benefit of the lien thereby created, if, as and when the welfare recipient ever acquires assets or resources sufficient to remove him from the welfare roles [sic] and to permit a recovery by way of execution as provided by law as in the case of any judgment debtor."

As heretofore noted, the trial court held that the AFDC provisions of the Social Security Act, as implemented by H.E.W. regulations, did not permit the bringing of a suit to recover overpayments made to AFDC welfare recipients, nor did the State act provide for such recovery even if it were permitted by federal law.

Our analysis of the relevant court decisions and other authorities leads us to a contrary result. It is clear that a state participating in the AFDC program can establish proper procedures for the recovery not only of overpayments, but of basic AFDC grants. *Snell v. Wyman,* 281 *F. Supp.* 853 (S.D. N.Y. 1968), aff'd without opinion, 393 *U. S.* 323, 89 S. Ct. 553, 21 *L. Ed.* 2d 511 (1969); *Charleston v. Wohlgemuth,* 332 *F. Supp.* 1175 (E.D. Pa. 1971), aff'd without opinion, 405 *U. S.* 970, 92 S. Ct. 1204, 31 *L. Ed.* 2d 246 (1972). In each of these cases state statutes and regulations imposing an obligation on AFDC recipients to repay welfare grants out of specified kinds of assets were upheld as not being in conflict with the Federal Social Security Act.

Cases dealing with state provisions allowing recovery of *overpayments* of AFDC welfare assistance uniformly support the right of the state to recoup such overpayments,

provided the method of recovery does not diminish present or future AFDC grants below actual need.

In *Holloway v. Parham,* 340 *F. Supp.* 336 (N.D. Ga. 1972), the court sustained as constitutionally valid on its face a Georgia statute which permitted the bringing of a civil suit to recoup AFDC overpayments.

The court held that since the statute required the welfare director to consider the need of dependent children before recouping AFDC overpayments and to waive repayment if there was need, the statute was consistent with the Social Security Act and H.E.W. regulations and also complied with the equal protection and due process clauses of the Fourteenth Amendment. To the same effect are *Cooper v. Laupheimer,* 316 *F. Supp.* 264 (E.D. Pa. 1970) and *Bradford v. Juras,* 331 *F. Supp.* 167 (D. Or. 1971) both of which upheld the right of a participating state to recover AFDC overpayments, but held the particular procedures for recoupment to be illegal in failing to assure current basic needs.

In *National Welfare Rights Organization v. Weinberger,* 377 *F. Supp.* 861 (D. C., Dist. Col. 1974), a challenge to the validity of 45 *C. F. R.* § 223.20 (a) (12) (i), 38 *Fed. Reg.* 22010 (Aug. 15, 1973) promulgated by H.E.W. covering recoupment by a state of AFDC overpayments, was upheld since the regulation permitted the state to recover the overpayment by reducing current assistance payments without regard to the effect of such reduction on present need. However, the right of a state to recover incorrectly paid assistance from those with the ability to pay was not questioned.

Our conclusion is that the AFDC program established under the Federal Social Security Act, as implemented by H.E.W. regulations, does not bar a state from recovering overpayments of AFDC assistance from those who become able to repay.

We also hold that, except as hereinafter noted, a county welfare board, in administering the AFDC program under

*N. J. S. A.* 44:10–1 *et seq.,* has the power to bring civil suits and recover judgments against recipients of AFDC overpayments for the amounts of such overpayments.

A county welfare board has been given the general power to sue and be sued. *N. J. S. A.* 44:7–7. While *N. J. S. A.* 44:10–1 *et seq.* does not specifically provide for the recovery of overpayments of AFDC assistance, such power must be implied in the delegation of authority to administer the program. The welfare board is authorized to make payments only in amounts authorized by law. When an overpayment has been made, the public interest requires that the board have the power to seek out the recipient and recover the amount of the overpayment if the person has the means or ability to repay. The right and the power to seek to recoup benefits illegally paid, unless specifically prohibited, is inherent in the delegation of authority to administer the program.

The trial court held that the welfare board had no power under our State statutes to bring suit to recover AFDC overpayments because the Legislature had not specifically authorized such action. This reasoning would be valid if the welfare board were attempting to secure reimbursement of AFDC grants of assistance. This would be a matter of policy which the Legislature would have to establish before a welfare board could act.

However, this is not the situation presented. We are here dealing with *overpayments* of assistance, *i. e.* public money paid out in *excess* of that permitted by law. The mere receipt of such money can be said to create an obligation to repay, akin to the common law action in *assumpsit* for money had and received. In such a situation, it is unnecessary for the Legislature to specify that a welfare board has the right to recover this money. As heretofore noted, such right would be inherent in the board's functioning unless the Legislature provides otherwise.

Our State act adopting the AFDC program has been implemented by administrative regulations. One of these regu-

lations deals with the fraudulent receipt of assistance and provides (*N. J. A. C.* 10:81–24.47) :

(a) In every fraud case, in addition to any criminal prosecution, recovery should be sought of the assistance illegally obtained. The threat of prosecution should not be used as a means of effecting recovery; nor should the fact of a recovery affect the county welfare board decision concerning proper referral to the prosecutor. However, any recovery, or plan for recovery, should be reported to the prosecutor whenever such a referral has been made.

(b) The provisions of subsection (a) of this Section are not intended to limit the responsibility and obligation of the county welfare board to seek recovery, through voluntary agreement or civil action, of funds improperly received by a client under circumstances other than fraud.

■ While the regulation refers in general terms to the recovery of assistance illegally obtained and funds improperly received, and mentions civil action as a means of recovery, we do not construe the regulation to encompass a situation where the overpayment is the result of administrative error.[2]

We are dealing with the poor and disadvantaged who, for the most part, eke out a marginal existence on their meager earnings supplemented by AFDC assistance. Invariably, nothing is left over at the end of a month. They should not be held responsible for an administrative error unless the Legislature says that this should be done.

We therefore conclude that under the New Jersey Assistance for Dependent Children Act and regulations a county

---

[2]Not here applicable is a separate regulation, *N. J. A. C.* 10:82–10.1, which calls for an adjustment in future payments where there have been overpayments resulting from administrative error or failure of a member of an eligible unit to inform the county welfare board of a change in income or resources. Only income and resources actually available may be considered in determining the amount of the corrected grant. The final paragraph of the regulation reads :

"3. In all situations of overpayments the facts and circumstances in each case shall be evaluated and, where indicated, action taken as appropriate in accordance with regulations pertaining to fraudulent receipt of assistance."

welfare board has the right and power to bring a civil action to recover overpayments in AFDC assistance, except in those cases where the overpayment was the result of administrative error.

■ Plaintiffs in this action also contend that the Board's attempts to recoup AFDC overpayments by civil action deprive them of their right under federal and state law to an administrative fair hearing. This contention lacks merit. Fair hearing procedure is designed to protect a needy person from summary administrative action which could deprive him of assistance to which he may be entitled. It has no application where, as here, the Board's action in no way impairs the right to continued assistance. Moreover, the civil action procedure affords each defendant an opportunity to be heard in a court of law thereby satisfying the requirements of due process.

The judgment of the Appellate Division is reversed with direction to enter judgment in favor of defendant in accordance with this opinion.

*For reversal*—Chief Justice HUGHES, and Justices JACOBS, MOUNTAIN, SULLIVAN and PASHMAN—5.

*For affirmance*—None.