MANUEL CARBALLO, Secretary, Department of Health and SocialServices
You have asked whether authority exists in Wisconsin law to establish a program consistent with federal regulations for the recoupment of overpayments made under the Aid to Families with Dependent Children (AFDC) program.
Federal regulations require a state plan for AFDC to specify a uniform statewide policy for recoupment of overpayments of assistance. 45 CFR sec. 233.20 (a) (12). The provisions of such policy, within certain limitations, are left to the discretion of the state. Recoupment is allowed but not required as reflected by Title 45 CFR 233.20 (g) (12) which reads:
 "The plan may provide for recoupment in all situations specified herein, or only in certain of the circumstances specified herein, and for waiver of the overpayment where the cost of collection would exceed the amount of the overpayment." *Page 129 
The federal regulation prohibits the state from recouping any overpayment unless the recipient has income or resources, exclusive of the current assistance payment, available in the amount by which the agency proposes to reduce payment. However, this limitation does not apply in cases where the overpayments were caused by the recipient's willful withholding of information concerning his income, resources or other circumstances affecting the amount of payment.
The current federal regulation was promulgated after the decision in National Welfare Rights Organization v. Weinberger
(D.D.C. 1974), 377 F. Supp. 861. The court in that case found that an earlier recoupment regulation was invalid because it permitted states to reduce current assistance payments without the requirement that the recipient have income or resources actually available in the amount of the proposed reduction. Decisions in other jurisdictions are consonant with this principle.
The New Jersey court in Redding v. Burlington County WelfareBoard (1974), 65 N.J. 439, 323 A.2d 477, 479, held that the state has a right to recoup AFDC overpayments providing the method of recovery does not diminish present or future AFDC grants below actual need.
In Cooper v. Laupheimer (E.D. Pa. 1970), 316 F. Supp. 264, the court stated that the state has a legal right to recover from the mother those funds which she was not entitled to receive, but that the state cannot recover the overpayments by reducing current assistance to the child. The court emphasized that the paramount goal of the AFDC program is the protection of the needy dependent child. Reducing current grants ignores the state's own prior determination of the level of need required by the family.
The court in Bradford v. Juras (D. Ore. 1971), 331 F. Supp. 167,170, likewise held that "recoupment from current assistance grants violates the spirit and the intent of the statute establishing Aid to Families with Dependent Children." The court suggested other alternatives available to the state — seizure of cash balances on hand, revocation of the privilege of maintaining cash reserves, obtaining a civil judgment and seeking to satisfy the judgment when the recipient is able to pay, and criminal prosecution for fraud. *Page 130 
In Jackson v. Weinberger E.D. N.Y. February 9, 1976, the plaintiffs challenged federal and state regulations permitting recoupment of AFDC payments by deduction of sums from future payments when the overpayment is caused by the willful withholding of information by the recipient. The plaintiffs argued that the regulations conflict with the "income and resources" rule found in 42 U.S.C. sec. 602 (a) (7) which requires a state to take the income and resources of an applicant for AFDC into consideration in determining need. The court concluded that the plaintiffs' challenge was substantial but that they did not show probable success on the merits sufficient to support a preliminary injunction.
In summary, existing case law appears to require that the state specify a uniform statewide policy on recoupment and provide for recoupment only when the recipient has income or resources actually available exclusive of the current grant. If the overpayments were caused by the recipient's willful withholding of information concerning circumstances affecting the amount of payment, the state may be able to recoup without showing that the recipient has income or resources exclusive of the current grant which are available in fact.
There is a split of authority on the question of whether there must be specific statutory authority for recoupment of AFDC overpayments. Ogdon v. Workmen's Comp. A.B., San Bernardino Cty.W.D. (Calif. S.Ct. 1974), 113 Cal. Rptr. 206, 11 Cal. 3d 192,520 P.2d 1022, concluded that in the absence of a statute, no liability rests upon the recipient of public assistance to reimburse the state or county for aid legitimately obtained and granted. The court based its conclusion on the fact that at common law, in the absence of fraud in procuring relief, a recipient of charity was under no obligation to repay such charity.
In Webb v. Swoap (Calif. Ct. of Appeals 1974),114 Cal. Rptr. 897, 40 Cal. App. 3d 191, the court observed that, absent a statute authorizing recoupment of aid paid pending appeal, a departmental regulation calling for such recoupment exceeded the department's statutory powers. The court found that none of the general provisions of the statute (such as authority to adopt regulations consistent with law and necessary for administration of aid, or to implement, interpret or make specific the statutes) authorized the recoupment regulation. The court also noted that the regulations *Page 131 
could not be bottomed upon conformity to federal law because the federal regulation on recoupment was permissive and not mandatory.
The court in Redding, supra, on the other hand, found that the power to seek recoupment of benefits illegally paid is inherent in the delegation of authority to administer the program. The court held that under the New Jersey statutes and regulations a welfare board has the right and power to bring a civil action to recover overpayments in AFDC assistance except where the overpayment was the result of administrative error.
In requesting my opinion on recoupment of overpayments, you noted that secs. 46.22 (4) (a) and 49.51 (2) (a) (7) provide for administration of the AFDC program by county welfare agencies. Since there is no express provision for recoupment in the statutes, such authority, if it exists, must be implied by secs.46.22 (4) (a) and 49.51 (2) (a) (7). Unfortunately, there are no court decisions interpreting these sections from which implied authority might be derived. Further, as noted above, there is a split in authority in other jurisdictions as to whether a specific statutory provision is necessary for recoupment of AFDC overpayments. In these circumstances, I must conclude that serious questions remain as to whether a specific statute authorizing recoupment of AFDC payments improperly paid is necessary before rules can be promulgated. Therefore, I suggest that you seek such statutory authorization from the legislature.
BCL:WLJ