Geneva W. Sease, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued March 5, 1979, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

*William C. Anderson,* with him *Lila Shapero* and *Joanne C. Betlam,* for appellant.

*Linda M. Gunn,* Assistant Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, JR., April 11, 1979:

This is an appeal from a fair hearing decision of the Department of Public Welfare which found that Geneva W. Sease (petitioner) was not eligible for a waiver of restitution of an overpayment of Aid to Families with Dependent Children (AFDC) benefits which she was receiving for her grandchildren. We affirm.

The facts are basically these. Petitioner is 68 years old and is illiterate. When her daughter died in 1970 she took over the care of the daughter's two children. In doing so she transferred the children's

AFDC payments from her daughter's name to her own. She received AFDC benefits from August 21, 1970 to February 24, 1974. In December of 1972 petitioner began receiving social security benefits for the children. She received a lump sum of $3,723 and payments of $153 per month per child. This money raised her income level to the point where she was no longer eligible for public assistance. However, she continued to receive AFDC benefits until February 24, 1974 when the York County Assistance Office (CAO) redetermined her status and ended her benefits. On October 7, 1977, the CAO presented petitioner with a notice that a claim had been established against her for $3,439.60. Appellant filed for a fair hearing, where the hearing officer found against her and this appeal followed.

Petitioner asserts that there was not substantial evidence for the hearing officer to find that she did not qualify for the following exemption from restitution established in the Department of Public Welfare Public Assistance Manual:

(e) *Exemptions from restitution.* Restitution will be waived on overpayments that are as follows:

(1) Due solely to administrative error. The overpayment will be due to administrative error only if all of the following conditions exist:

(i) The County Office failed to get, interpret, or apply appropriately the facts about the situation of the client.

(ii) The client fulfilled his obligation for reporting to the best of his ability.

(iii) The client could not have been expected to know that his grant was more than he was eligible to receive.

55 Pa. Code §255.3(e)(1).

Petitioner makes several arguments in support of this. The first of these is that she is illiterate and could not be expected to understand the statement on the back of her AFDC check which said in pertinent part:

READ BEFORE CASHING

. . . .

By endorsing this check I certify that I have notified my county board of assistance of all changes in the facts as stated in my application for assistance and that neither I nor any member of my family has any earnings from employment or other resources which I have not reported to said board. I know that I can be penalized by fine or imprisonment, or both, for any false statement.

55 Pa. Code §125.24(e).

Another argument is that there was some administrative error on the part of the CAO in failing to instruct petitioner on the reporting (of extra income) requirements, and a general failure by caseworkers of their responsibilities towards her.

Although there is a good deal of testimony going both ways we feel that there was substantial evidence to conclude that the overpayment cannot be attributed solely to agency error.[1] Despite petitioner's age and illiteracy, the hearing officer concluded, there was no evidence that she was incapable of carrying out her eligibility responsibilities, particularly the one written on the back of the checks which she signed many times in the course of four years. We feel the hearing officer had adequate grounds upon which to make this conclusion.

---

[1] In response to a question by her own attorney the petitioner indicated that she knew when she received the social security money she would be "off the social welfare immediately."

Accordingly, we will enter the following

ORDER

AND Now, April 11, 1979, the Final Administrative Action of the Department of Public Welfare, dated January 25, 1978, is hereby affirmed.