Margarita Andino, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued February 1, 1985, before Judges DOYLE and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Robert Senville,* for petitioner.

*Jason W. Manne,* Counsel, with him, *Jean E. Graybill,* Assistant Counsel, *John Kane,* Chief Counsel, and *Helga Kumar,* Legal Assistant, for respondent.

OPINION BY JUDGE PALLADINO, August 14, 1985:

Margarita Andino (Petitioner) appeals from an order of the Department of Public Welfare (DPW) which held that DPW may recover an overpayment of assistance benefits from Petitioner. For the reasons set forth below, we affirm.

The facts as stipulated by the parties before the hearing examiner are as follows. Petitioner applied to the Berks County Department of Public Assistance (County) for Aid to Families with Dependent Children (AFDC) benefits in October of 1983. At the time

of her application, Petitioner reported that she and her children were receiving a total of $380.00 each month in other assistance. This income information was properly reported on Petitioner's application, but the clerical department failed to adjust her AFDC grant to reflect the $380.00. As a result of the administrative error, Petitioner received $401.00 per month in AFDC benefits in addition to the $380.00, for a period from October 26, 1982 through May 19, 1983. Had the AFDC grant been properly adjusted, Petitioner would have received $21.00 per month instead of $401.00. The County did not discover its error until May 21, 1983, after Petitioner had received overpayments totalling $2,788.00.

The Bureau of Claims Settlement (BCS) sent notice to Petitioner on August 5, 1983 of its intent to recover the overpayment and commenced recouping $20.00 per month on September 7, 1983.[1] Petitioner appealed the decision of the BCS to a hearing officer who, following a fair hearing, sustained Petitioner's appeal and ordered BCS to stop recoupment. DPW's Office of Hearings and Appeals reversed the hearing officer, and this appeal followed.

The controversy in this case centers on the interpretation and application of DPW's regulations governing recoupment of overpayments.

The precise issue is whether DPW may recoup an overpayment which resulted solely from administrative error.

Under the Federal Omnibus Budget Reconciliation Act of 1981, states are required to make some provision for the recoupment of overpayments of AFDC benefits. 42 U.S.C. §602(a)(22). *See also* 45 C.F.R. §233.20(a)(13).

---

[1] The $20 recoupment was made from Petitioner's $21 AFDC check.

Overpayment is defined in the federal regulations as: "[A] financial assistance payment received by or for an assistance unit for the payment month which exceeds the amount for which that unit was eligible." 45 C.F.R. §233.20(a)(13)(i). DPW has attempted to comply with this statute by promulgating regulations which outline the procedures to be followed in recouping overpayments. These regulations can be found at 55 Pa. Code §§255.1-255.4.[2]

Section 255.1 of the regulations sets forth the general restitution policy of DPW. Section 255.2 defines overpayment as existing when a person receives assistance for which he was not eligible. Overpayments are classified as resulting from fraud or non-fraud. The latter specifically includes administrative error in securing or acting on information. The County Assistance Office has the responsibility for discovering overpayments. 55 Pa. Code §255.4(a)(1). BCS is responsible for computing cash overpayment claims. 55 Pa. Code §255.4(d). BCS is to compute the claim period beginning "with the first assistance check the grant group receives after an *unreported* change of circumstances in the grant group has occurred or an unreported resource has been received." 55 Pa. Code §255.4(d)(1)(i). (Emphasis added.)

---

[2] Prior to 1981, DPW's Public Assistance Manual provided exemptions from restitution for overpayments due solely to administrative error. In order to be classified as administrative error, three conditions had to be satisfied. These were:

(1) The County Office failed to get, interpret, or apply appropriately the facts about the situation of the client.

(2) The client fulfilled his obligation for reporting to the best of his ability.

(3) The client could not have been expected to know that his grant was more than he was eligible to receive.

*See Sease v. Department of Public Welfare,* 41 Pa. Commonwealth Ct. 597, 399 A.2d 1175 (1979).

Petitioner's position is that because there was not a time when an unreported resource or change in circumstances occurred, the overpayment period never "commenced", and so the overpayment cannot be computed. Petitioner does not dispute the occurrence of the overpayment, nor does she argue that she is exempt from restitution. She merely contends that the regulations do not provide a method for computing an overpayment which resulted solely from administrative error.

The policy and definition sections of the regulations clearly contemplate recoupment of overpayments in cases of administrative error; however, the section of the regulations governing *procedure* of recoupment, 55 Pa. Code §255(4)(d), only addresses overpayments due to a non-reporting of an income source. Petitioner argues that DPW intended this section, 55 Pa. Code §255(4)(d), to cover *all* overpayment calculations, and that DPW cannot be presumed to have overlooked the possibility of administrative error.

We must agree that this regulation is inartfully drafted and we find that its language does *not* apply to the facts of Petitioner's case. However, we hold that where Petitioner has admitted her susceptibility to restitution and has *stipulated* the amount of the overpayment, DPW can recoup. There is federal and state statutory and regulatory authority for DPW's power to *collect* any overpayment. DPW's failure to draft comprehensive regulations governing *computation procedures* does not preclude it from exercising its collection authority where no dispute exists over the amount of overpayment.[3]

---

[3] *Cf. Redding v. Burlington County Welfare Board*, 65 N.J. 439, 323 A.2d 477 (1974) (mere receipt of overpayments of AFDC creates an obligation to repay, akin to a common law action in assumpsit, for money had and received, and county welfare board had inherent or implied right to recover such money).

Therefore, we affirm the decision of DPW ordering recoupment from Petitioner of the $2,788.00 overpayment.

ORDER

AND Now, August 14, 1985, the order of the Department of Public Welfare at Case No. 107659, dated April 16, 1984, is affirmed.

Judge WILLIAMS, JR. did not participate in the decision in this case.